No. 425.

## DYGERT v. DYGERT.

RES ADJUDICATA.—*Former Judgment.*— *When Conclusive in Subsequent Suit.* —Where a judgment may have proceeded upon either or any of two or more distinct facts, a party desiring to plead the judgment as *res adjudicata* upon the particular fact involved in a subsequent suit must show that it went upon that fact, or else the question will be open to a new contention. The estoppel of a judgment is only presumptively conclusive, when it appears that the suit and issues were of such a character that the judgment could not have been rendered without deciding the particular matter brought in question. It is necessary to look to the complete record in a suit to ascertain what the question in issue was.

From the Steuben Circuit Court.

*J. A. Woodhull* and *W. M. Brown,* for appellant.

*W. G. Croxton, F. S. Roby* and *F. M. Powers,* for appellee.

NEW, J.—This action is by the appellee against the appellant. The complaint is in two paragraphs, the first of which is upon an account to recover $500 for a one-half interest in a tile mill alleged to have been sold by the appellee to the appellant.

The second paragraph of the complaint, stripped of a superabundance of words, avers that in 1887 the appellee sold to the appellant a one-half interest in a certain tile mill and its business, in consideration of the payment by the appellant of $500 and the performance of other engagements to wit: The appellant was to personally manage said business and share equally with the appellee in the profits arising therefrom, and was to pay a certain note theretofore given by one Adelbert Dygert to one Jurgenson secured by a mortgage on said manufactory; that the appellant, under said agreement, took full control of said mill and business, but did not operate the same properly, but suffered the same to be idle, whereby it became unproductive and unprofitable, to the loss and damage of the appellee in the sum of $500; that said note was purchased by one Jeremiah Dygert, the appellee's son, who, thereafter, under the conditions of the mortgage securing the same, took said mill into his own possession, and, with the appellant, has ever since been operating the same at a great profit; that, because of the failure of the appellant to pay said note, as he had agreed with the appellee to do, said mortgage has been foreclosed by said Jeremiah Dygert—the note amounting to $337.83—and such proceedings had that the appellee thereby has lost her one-half interest in said mill, her interest being of the value of $500; that by reason of the appellant's failure to comply with his agreement, the appellee has been damaged to the amount of $1,200, for which she demands judgment.

The appellant's answer to the complaint contains three paragraphs; the first a general denial, and the second a plea of payment.

The substance of the third paragraph is as follows: At the September term, 1889, of the Steuben Circuit Court, Jeremiah Dygert brought an action against the appellee, the appellant and Adelbert Dygert to foreclose the mortgage named in the complaint. In said action the appellee filed a cross-complaint against the appellant and Jeremiah Dygert,

averring that she had sold to the appellant a one-half interest in said mortgaged property, and that, in consideration thereof, the appellant agreed to pay and satisfy said mortgage, and to run said mill and share equally with the appellee in the profits thereof; that the appellant had failed to satisfy said mortgage, and had not carried on said business as he had agreed to do, but had allowed said property to remain idle and unproductive, to the damage of the appellee in the sum of $300; that the cause of action in said cross-complaint is the same as that stated in the appellee's present complaint; that the appellant filed his separate answer to said cross-complaint, in which he admitted the purchase from the appellee of a one-half interest in said mill, but denied all other allegations therein contained; that upon the issues so made upon said cross-complaint the appellee, upon the trial, introduced evidence to prove that the appellant when he purchased said one-half interest agreed to pay therefor, and also assumed and agreed to pay said mortgage; that said trial resulted in a finding and judgment against the appellee on her cross-complaint, and that said judgment is in full force and unappealed from.

A reply of general denial was filed to the second and third paragraphs of the answer, and upon the issues thus formed the cause was submitted for trial to a jury, who returned a verdict for the appellee in the sum of $450.  The appellant moved for a new trial, which motion, upon the appellee remitting $200 of said sum, was overruled, and judgment rendered for $250 in favor of the appellee.

The only error assigned by the appellant is the overruling of his motion for a new trial, and the only ground for a new trial discussed is that the verdict is not sustained by sufficient evidence.

The contention of appellant's counsel is that the third paragraph of the answer, which is a plea of former adjudication, is fully established by the evidence, and that therefore the jury should have found for the appellant.

The appellee in her complaint in the case at bar seeks to recover a personal judgment against the appellant for damages, because the latter had failed to do and perform the things he had promised as the consideration for the sale to him of a one-half interest in the tile mill.

The cross complaint referred to in the third paragraph of the answer we have carefully examined, as we find it set out in the bill of exceptions containing the evidence. It is very evident that the appellee, by her cross-complaint, was not seeking to enforce her contract with the appellant, nor to recover damages from the latter because of his omission to pay the consideration by him promised for the one-half interest in the mill purchased by him from the appellee. The object of the cross complaint, although it to some extent recites the terms of said purchase and speaks of damages sustained by the appellee, was to have the note and mortgage cancelled and declared satisfied, not because it had been paid, but because of an alleged conspiracy between Jeremiah Dygert, the holder of the same, and the appellant, to fraudulently deprive the appellee of the use and profits of her interest in said property. This is the theory upon which the cross-complaint proceeds. That this was its purpose is evident from its structure and the relief demanded. And therefore it was that Jeremiah Dygert was a necessary party to the cross-complaint and which he answered by a general denial. The finding of the court jointly for the appellant and his co-defendant, Jeremiah Dygert, on such a cross-complaint can not, as it seems to us, be deemed an adjudication of the question whether the appellant had become indebted to the appellee by the purchase of one-half interest in the tile mill, although an averment in the cross-complaint and proof of the facts in that regard might be proper, with other evidence, to support the charge of fraud and conspiracy, which constituted the gist of the cross-complaint. The contract between the appellee and the appellant was not declared on as a cause of action against the appellant and Jer-

emiah Dygert, nor could it be, for the latter was not a party to it. Whether that contract was made use of, even as evidence in the trial upon the cross-complaint, is not disclosed by the record. There is no evidence in the record as to what was in issue or what was litigated upon the cross-complaint, except the pleadings, and it may be added the finding and judgment of the court, which, as we have already seen, were against the appellee upon her cross-complaint.

It was not indispensable to a finding against the appellee, upon her cross-complaint, that the court should find that the appellant was not indebted, nor in any way liable to the appellee upon the contract between them. The court might believe from the evidence that there was an indebtedness or liability from the appellant to the appellee because of said contract, and yet find that the fraud and conspiracy charged against the appellant and Jeremiah Dygert did not exist, and therefore refuse upon that ground alone to cancel the note and mortgage, or give judgment for damages against the alleged conspirators.

The court may have found that there was no such contract between the appellee and the appellant as alleged, and that therefore there could be no conspiracy about something that did not exist, or it may have been found that, although there was such a contract, there was no fraud practiced nor conspiracy entered into in regard thereto by the appellant and Jeremiah Dygert.

In such a case, where a judgment may have proceeded upon either or any of two or more distinct facts, the party desiring to avail himself of the judgment, as conclusive evidence upon some particular fact, must show affirmatively that it went upon that fact, or else the question is open to a new contention. *Lewis* v. *Ocean, etc., Co.*, 125 N. Y. 341; *Bell* v. *Merrifield*, 109 N. Y. 202; *Russell* v. *Place*, 94 U. S. 606.

The estoppel of a judgment is only presumptively conclusive where it appears that the suit and issues were of such

Dygert *v.* Dygert.

a character that the judgment could not have been rendered without deciding the particular matter brought in question. *McBurnie* v. *Seaton,* 111 Ind. 56; *Packet Co.* v. *Sickles,* 5 Wall. 580.

But we find other reasons in the record for holding that the finding in the former suit against the appellee, upon her cross-complaint, should not be regarded as an adjudication that the appellant was not indebted to her upon the contract in question.

In the former suit the appellant filed a cross-complaint against the appellee, alleging that he had fully paid for the one-half interest he had purchased of her in said mill, and asking that if the mortgage thereon be foreclosed, the appellee's interest be first sold. Upon this cross-complaint of the appellant the court found against him.

A record is an entire thing, and if admissible for any purpose, all its parts are to be received. *Miles* v. *Wingate,* 6 Ind. 458.

It is necessary to look to the complete record in a suit to ascertain what the question in issue was. *Foot* v. *Glover,* 4 Blackf. 313; *Bennett* v. *Gaddis,* 79 Ind. 347.

After finding against the appellee upon her cross-complaint and against the appellant upon his cross-complaint, judgment of foreclosure in favor of the plaintiff was rendered against all the defendants.

For the reasons given we can not hold that the matters in issue in the present case have heretofore been adjudicated, as is alleged in the third paragraph of the answer.

The sufficiency of the evidence to support the verdict, independent of the question of *res adjudicata,* is not discussed by counsel.

We find no ground for reversing the judgment of the circuit court, and it is therefore affirmed.

Filed Jan. 5, 1892; petition for a rehearing overruled March 19, 1892.