## LINVILLE v. CHENOWETH

[No. 17,804. Filed March 16, 1949. Rehearing denied April 19, 1949. Transfer denied November 16, 1949.]

516

*Campbell & Campbell,* of Noblesville; and *Francis A. Shaw,* of Muncie, for appellants.

*Carl Lee Compton,* of Indianapolis; and *Gentry & Day,* of Noblesville, for appellee.

WILTROUT, J.—The principal question in this case is the validity of a judgment rendered by the Marion County Municipal Court, which judgment was subjected to attack in a later action in another court.

Appellee, as plaintiff, brought her action in the Marion County Municipal Court, Room 2, against James C. Chenoweth and Millie J. Chenoweth, husband and wife. The complaint alleged that the defendants agreed to pay plaintiff $5 per week, and her board and room, in exchange for housework, nursing, and laundry, and that the defendant Millie J. Chenoweth, as evidence of such agreement, executed a written instrument to that effect. The sheriff's return on the summons stated that it had been served on the defendants by leaving a true copy at their last and usual place

of residence. The defendants failing to appear, judgment was rendered on default. No effort has ever been made in the Marion County Municipal Court to set this judgment aside, nor has it ever been paid.

At the time the complaint was filed against James C. Chenoweth and Millie J. Chenoweth, they owned certain real estate as tenants by the entireties. Prior to the judgment they conveyed this real estate to Odd Fellows Home Association.

Thereafter appellee commenced an action, which was tried in the Johnson Circuit Court, against James C. Chenoweth and Odd Fellows Home Association, to set aside this conveyance. Millie J. Chenoweth was then deceased. The complaint recited the judgment of the Marion County Municipal Court, and alleged that at the time of the conveyance James C. Chenoweth had no other property subject to execution, and was insolvent; that the conveyance was made with intent to hinder, cheat, delay and defraud his creditors, including appellee. The answers were in general denial. There was no special finding of facts. Trial resulted in a general finding and judgment against the plaintiff, appellee herein, and in favor of the defendants to that action.

Thereafter Odd Fellows Home Association reconveyed the real estate to James C. Chenoweth, thereby subjecting it to the lien of the Marion County Municipal Court judgment, if that judgment was valid. He, in turn, conveyed it to the appellants herein, the deed to appellants read that it was "Subject to all liens and taxes."

Appellee instituted the present action by a complaint which was dismissed before trial. Appellants by their cross complaint sought to quiet title to the real estate involved in the conveyances above mentioned. Appellee, by counter-claim, asserted that she had a

valid and subsisting lien on the real estate by virtue of the judgment of the Marion County Municipal Court. By further pleadings appellants alleged that appellee is barred and estopped from asserting such judgment lien by reason of the judgment of the Johnson Circuit Court. Following trial, the Hamilton Circuit Court found against appellants on their cross complaint and in favor of appellee on her counterclaim, and that the judgment of the Marion County Municipal Court was a valid and subsisting lien on the real estate.

Errors assigned are the overruling of appellants' motion for a new trial, and motion to open judgment filed under Rule 1-8.

The appellants contend that the Johnson Circuit Court judgment was a complete bar to all subsequent actions based on the Marion County Municipal Court judgment, against the defendants therein, and against appellants as successors in title to said defendants; that it precludes appellee on every ground actually presented in the Johnson Circuit Court, and every ground which might have been presented. Appellants further contend that the validity of the Marion County Municipal Court judgment was in issue; that this judgment was void on its face, and therefore subject to collateral attack, because (1) the defendants did not owe the debt upon which the judgment was based, (2) that the complaint upon which it was based did not state facts sufficient to constitute a cause of action, (3) that the complaint on its face showed that the oral agreement sued on was within the statute of frauds as to one defendant. They further contend that the judgment was void because, as they allege, summons was not served at the actual last and usual place of residence of the defendants, and that the Hamilton Circuit Court failed to accord full faith and credit to the Johnson Circuit Court judgment.

The following words of the Supreme Court in *Town of Flora* v. *Indiana Service Corporation* (1944), 222 Ind. 253, 256, 53 N. E. 2d 161, are applicable to this case:

"It is necessary that we have, on the outset, a clear understanding of the principles of law upon which appellees rest their case. There are two well·defined branches of the rule of *res judicata*. The subject has often been confused by the loose use of descriptive terms. One branch of the subject deals with prior adjudication as a bar. Under it ·a cause of action finally determined between the parties on the merits by a court of competent jurisdiction, cannot again be litigated by new proceedings before the same or any other tribunal, except by way of review according to law. Such a judgment or decree so rendered is a complete bar to any subsequent action on the same claim or cause of action, between the same parties, or those in privity with them. Every question which was within the issues, and which, under the issues, might have been proved, will be presumed to have been proved and adjudicated. *Jordan* v. *Sisson* (1924), 82 Ind. App. 128, 141 N. E. 881. This rule is perhaps best described as 'estoppel by judgment.'

"The other branch of the subject applies where the causes of action are not the same, but where some fact or question has been determined and adjudicated in the former suit, and the same fact or question is again put in issue in a subsequent suit between the same parties. In such cases the former adjudication of the fact or question, if properly presented and relied on, will be held conclusive on the parties in the latter suit, regardless of the identity of the causes of action, or the lack of it, in the two suits. When the second action between the same parties is on a different cause of action, claim, or demand, it is well settled that the judgment in the first suit operates as an estoppel only as to the point or question actually litigated and determined, and not as to other matters which might have been litigated and determined. In such cases the inquiry must always be as to the point or question actually litigated and determined in

the original action. This branch of the subject may appropriately be described as 'estoppel by verdict or finding.' See *Charles E. Harding Co.* v. *Harding* (1933), 352 Ill. 417, 186 N. E. 152, 88 A. L. R. 563 (Ann. on p. 574)."

It is noted that the American Law Institute uses the phrase "collateral estoppel" as more descriptive than the phrase "estoppel by verdict or finding." *Restatement, Judgments*, § 45.

The action to set aside the allegedly fraudulent conveyance in the Johnson Circuit Court did not involve an application of the principles of estoppel by judgment because it was on a different cause of action than that involved in the Marion County Municipal Court. The purpose of setting forth the judgment of the latter court was to show that appellee was a creditor, and by reason of that fact had a right to attack the conveyance in question as fraudulent. The general nature of the action was one seeking to set aside an allegedly fraudulent conveyance, in order to enforce a judgment against the real estate attempted to be conveyed thereby, and was collateral to the judgment. *Pensinger* v. *Jarecki Mfg. Co.* (1922), 78 Ind App. 569, 136 N. E. 641; 49 C. J. S., Judgments, § 409, p. 813.

If, therefore, the appellants are entitled to prevail, it must be on account of the applicability of estoppel by verdict or finding, rather than estoppel by judgment.

Where a judgment may have been based upon either or any of two or more distinct facts, a party desiring to plead the judgment as an estoppel by verdict or finding upon the particular fact involved in the subsequent suit must show that it went upon that fact. In such a case the estoppel of a judgment is only presumptively conclusive when it appears that the judgment could not have been ren-

dered without deciding the particular matter brought in question. It is necessary to look to the complete record to ascertain what was the question in issue. *Town of Flora* v. *Indiana Service Corporation, supra; Dygert* v. *Dygert* (1892), 4 Ind. App. 276, 29 N. E. 490; *McBurnie* v. *Seaton et al.* (1887), 111 Ind. 56, 12 N. E. 101.

Under the issues in the Johnson Circuit Court, the general finding and judgment for defendants may have been based upon either one or more distinct facts. The judgment could have been rendered without deciding that the judgment of the Marion County Municipal Court was void. The court may have placed it on the ground, for instance, that the conveyance was not made with intent to hinder, cheat, delay or defraud creditors, or that at the time of the conveyance the grantors retained ample property subject to execution to satisfy all their debts.

The finding and judgment are silent as to the grounds upon which they are based. The evidence presented in that case is not before us. Neither has other extrinsic evidence been presented to show the basis of the court's decision. Certain interrogatories were submitted to and answered by the defendants in the Johnson Circuit Court case, but there is nothing before us to show that they were introduced in evidence.

We conclude that the judgment of the Marion County Municipal Court was not void on the face of the record. The record shows that the summons was properly served.

Where a court, having jurisdiction over the general subject-matter, renders a judgment valid on its face it cannot be attacked collaterally by reason of defect in the pleadings, or because the complaint did not state facts sufficient to authorize the

judgment which was rendered. *Bowser* v. *Tobin* (1939), 215 Ind. 99, 18 N. E. 2d 773; *Calumet Teaming & Trucking Co.* v. *Young* (1941), 218 Ind. 468, 33 N. E. 2d 109, 33 N. E. 2d 583; *Maynard* v. *Waidlich* (1901), 156 Ind. 562, 60 N. E. 348; *Scott et al.* v. *The Indianapolis Wagon Works* (1874), 48 Ind. 75; *Abdil* v. *Abdil and Others* (1870), 33 Ind. 460.

We find no error in the judgment of the trial court. Judgment affirmed.

NOTE.—Reported in 84 N. E. 2d 473.