In re the MARRIAGE OF Lynn Carl
MOSER, Respondent-Appellant,

and

Melanie Ann Moser, Petitioner-Appellee.

No. 2–1183A423.

Court of Appeals of Indiana,
First District.

Oct. 24, 1984.

Christopher C. Myers, Wilks & Kimbrough, Fort Wayne, for respondent-appellant.

Frederick A. Schurger, Schurger & Schurger, Decatur, David M. Hamacher, Hamacher & Hamacher, Crown Point, for petitioner-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Lynn Carl Moser (Lynn) appeals from two judgments entered by the Adams Circuit Court.[1] He challenges the granting of Melanie Ann Moser's (Melanie) motion to dismiss his paternity action and the denial of his Indiana Rules of Procedure, Trial Rule 60(B) motion for relief from an earlier dissolution decree. We affirm in part and reverse in part.

## FACTS

Sasha Maria Vergara (Sasha) was born to Melanie on July 6, 1977. It is uncontroverted that Lynn is Sasha's biological father. Lynn and Melanie were not married, however, until May 17, 1980. In July 1980, Melanie filed a Petition for Dissolution of Marriage in the Adams Circuit Court. That petition was granted and a dissolution decree entered on September 18, 1981. Prior to dissolution, Lynn did not adopt Sasha, nor was any legal action taken to establish his paternity. Consequently, the dissolution decree stated that there were no children born as the fruits of the marriage and that Lynn would have no rights, duties or obligations to Sasha. No direct appeal from this decree was instituted.

On April 29, 1983, Lynn filed a petition in the Adams Circuit Court seeking to establish his paternity of Sasha. In response, Melanie filed a motion to dismiss setting forth laches, res judicata, and the statute of limitations as grounds for the motion. Following an extensive evidentiary hearing, the trial court granted Melanie's motion.[2] Lynn filed a motion to correct errors which the trial court denied. In part, this appeal deals with the propriety of that judgment.

1. The two appeals filed by Lynn were consolidated, by order of this court, pursuant to Indiana Rules of Procedure, Appellate Rule 5(B).

2. The trial judge apparently felt that those portions of the dissolution decree which stated that no children were born as the fruits of Lynn and Melanie's marriage and that Lynn would have no rights, duties or obligations to Sasha were res judicata on the issue of paternity.

After the dismissal of his paternity action, Lynn filed a motion pursuant to T.R. 60(B).[3] His motion sought relief from those portions of the dissolution decree which the trial court had earlier indicated were res judicata on the issue of paternity. The trial court denied Lynn's motion following an evidentiary hearing. This judgment forms the second portion of Lynn's appeal to this court.

## ISSUES

In light of our disposition of this appeal, it is unnecessary for us to discuss all of the issues raised by the parties. The issues discussed, as we have rephrased and reorganized them, are:

1. Whether Lynn's failure to set out verbatim the errors alleged in his motions to correct errors in his appellate brief constitutes a waiver of those errors.

2. Whether the trial court erred when it granted Melanie's motion to dismiss.

3. Whether the trial court abused its discretion when it denied Lynn's Trial Rule 60(B) motion.

## DISCUSSION AND DECISION

### Issue One

Melanie asserts that the rulings of the trial court should be affirmed in toto because Lynn has failed to comply with the requirements of Indiana Rules of Procedure, Appellate Rule 8.3(A)(7). Appellate Rule 8.3(A)(7) requires an appellant to set forth specifically each error alleged in his motion to correct errors which he intends to raise on appeal. Melanie argues that Lynn's brief does not contain verbatim

3. During the hearing on Melanie's motion to dismiss Lynn's paternity action, the trial court suggested that the appropriate method of attaching the paternity issue was to file a motion in the dissolution proceeding pursuant either to Indiana Rules of Procedure, Trial Rule 59 or Trial Rule 60(B).

statements of the errors assigned in his motions to correct errors and, therefore, he has failed to comply with the procedural dictates of Appellate Rule 8.3(A)(7). We do not agree.

■ Although it would be preferable to have alleged trial court errors quoted verbatim in the corresponding argument section of the appellant's brief, failure to do so will not necessarily preclude review by this court. *Town of Rome City v. King,* (1983) Ind.App., 450 N.E.2d 72, 76; *State Department of Administration, Personnel Division v. Sightes,* (1981) Ind. App., 416 N.E.2d 445, 448, *trans. denied; Urbanational Developers, Inc. v. Shamrock Engineering, Inc.,* (1978) 175 Ind. App. 416, 420, 372 N.E.2d 742, 745, *trans. denied.* The merits of a dispute will be reached where the appellant has substantially complied with Appellate Rule 8.3(A)(7). *Town of Rome City,* at 76; *Indiana State Board of Tax Commissioners v. Lyon & Greenleaf Co.,* (1977) 172 Ind.App. 272, 275, 359 N.E.2d 931, 933, *trans. denied; Yerkes v. Washington Manufacturing Co.,* (1975) 163 Ind.App. 692, 695, 326 N.E.2d 629, 631. It is sufficient compliance with Appellate Rule 8.3(A)(7) if the argument section of the appellant's brief contains a concise restatement of the errors raised in his motion to correct errors. *Town of Rome City,* at 76. In the present case, Lynn has accurately and concisely paraphrased each of the errors assigned in his various motions to correct errors which he argues on appeal. Consequently, Lynn has substantially complied with the requirements of Appellate Rule 8.3(A)(7) and the merits of his appeal will be considered by this court.

## Issue Two

■ Lynn first argues that the trial court erred when it granted Melanie's motion to dismiss his paternity petition. Prior to granting Melanie's motion, the trial

court held an evidentiary hearing. Therefore, pursuant to Indiana Rules of Procedure, Trial Rule 12(B), Melanie's motion to dismiss must be treated as one for summary judgment under Indiana Rules of Procedure, Trial Rule 56. *Estate of Tanasijevich v. City of Hammond,* (1978) 178 Ind. App. 669, 671, 383 N.E.2d 1081, 1083. Our standard of review in these cases is well settled. Summary judgment is appropriate only if no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law. *Sink & Edwards, Inc. v. Huber, Hunt & Nichols, Inc.,* (1984) Ind. App., 458 N.E.2d 291, 295, *trans. denied; Tippecanoe Sanitary Landfill, Inc. v. Board of County Commissioners,* (1983) Ind.App., 455 N.E.2d 971, 974, *trans. denied* (1984); Indiana Rules of Procedure, Trial Rule 56(C). The moving party carries the burden of showing that summary judgment is appropriate. *Tippecanoe Sanitary Landfill,* at 974. With this standard in mind we review the dismissal of Lynn's paternity action.

Melanie's motion set out three grounds which she argues justified dismissal. Those grounds were laches, *res judicata* and the statute of limitations. It is patently clear from the judgment of the trial court that its decision to dismiss Lynn's paternity action was based on the *res judicata* effect of the earlier dissolution decree. Thus, we discuss that doctrine first.

■ The doctrine of *res judicata* actually consists of two well defined branches. Claim preclusion applies where there has been a final judgment on the merits, which acts as a complete bar to a subsequent action *on the same claim* between the same parties or those in privity with them.[4] *Indiana University v. Indiana Bonding & Surety Co.,* (1981) Ind.App., 416 N.E.2d 1275, 1283, *trans. denied.* By contrast, issue preclusion applies when a particular issue, which was adjudicated in the prior action, is put into issue in a subsequent suit

---

**4.** Indiana courts have also referred to claim preclusion as "estoppel by judgment" and "bar and merger."

766

on a different cause of action.[5] *Id.* When the claim preclusion branch of *res judicata* is applicable, all matters that were or might have been litigated are deemed conclusively settled by the judgment in the prior action. 17 I.L.E. *Judgment* § 380 (1959). However, where the issue preclusion branch is applicable, the previous judgment is conclusive only as to the matters actually litigated and determined therein. *Id. See also, Town of Flora v. Indiana Service Corp.,* (1944) 222 Ind. 253, 257, 53 N.E.2d 161, 163; *Leckrone v. Lawler,* (1954) 125 Ind.App. 35, 44, 118 N.E.2d 381, 385, *trans. denied; Beatty v. McClellan,* (1951) 121 Ind.App. 242, 250–51, 96 N.E.2d 675, 679, *trans. denied; Linville v. Chenoweth,* (1949) 119 Ind.App. 515, 521, 84 N.E.2d 473, 476, *trans. denied;* 46 Am.Jur.2d *Judgments* § 418 (1969). The present case clearly requires application of the issue preclusion branch of *res judicata.* Thus, it is necessary for us to determine whether or not Lynn's paternity of Sasha was actually litigated and determined in the dissolution proceeding.

■ A careful examination of the record of the dissolution proceedings reveals that the issue of paternity was not litigated and determined there. The dissolution decree contained the following findings and judgment:

"3. That although there were no children born as the fruits of the marriage of the parties herein, Petitioner should retain the care, custody, and control of SASHA MARIA VERGARA, who was born to the Petitioner out of wedlock on July 6, 1977, and Respondent has no rights, duties or obligations to said minor child since the Respondent did not adopt said minor child and since no legal action has established that the Respondent is the father of said minor child."

Record at 154.

"3. That SASHA MARIA VERGARA, born to the Petitioner out of wedlock on July 6, 1977 shall remain in the care, custody and control of the Petitioner, and that the Respondent shall have no rights, duties, or obligations to said minor child since he did not adopt said child and since no paternity action was established that he is the father of said minor child."

Record at 155. Melanie argues that these two paragraphs evince the fact that the issue of paternity was litigated and determined in the dissolution proceeding. At most, however, these paragraphs indicate that the court was not awarding visitation rights or support because Lynn's paternity had never been established in a legal proceeding. Nowhere in the record of the dissolution proceeding is there an indication that the trial court was requested to determine paternity. Nor did the trial court raise the issue *sua sponte* as the judge in *Dorsey v. Dorsey,* (1980) Ind.App., 409 N.E.2d 1233, had done. The paternity of Sasha was just not litigated and determined in the dissolution proceeding. Therefore, as a matter of law, the dissolution decree is not *res judicata* on the issue of paternity.

■ Although we think it clear that the trial court granted Melanie's motion based on the doctrine of *res judicata,* as Melanie correctly argues, we must affirm the trial court's judgment if it is sustainable on any theory or basis found in the record. *Havert v. Caldwell,* (1983) Ind., 452 N.E.2d 154, 157; *Kranda v. Houser-Norborg Medical Corp.,* (1981) Ind.App., 419 N.E.2d 1024, 1042. In addition to *res judicata,* Melanie raised two other theories to support her motion to dismiss. We will briefly discuss each as a possible basis for affirming the trial court's judgment.

■ The first theory raised by Melanie is the doctrine of laches. Generally, three factors are considered in determining whether to apply the doctrine of laches to bar the prosecution of a cause of action. They are: (1) the claimant's knowledge of his rights; (2) a lapse of time before the

5. Issue preclusion is also referred to as "estoppel by verdict or finding" and "collateral estoppel."

claimant seeks to vindicate those rights; and, (3) changed circumstances, resulting from the lapse of time, causing prejudice to the respondent. *Summerlot v. Summerlot,* (1980) Ind.App., 408 N.E.2d 820, 827. The record surely evinces that a substantial lapse of time occurred between the date Lynn learned of his rights and the date he filed his petition to establish paternity. However, a lapse of time alone does not justify application of the doctrine. *Frazier v. State,* (1975) 263 Ind. 614, 617, 335 N.E.2d 623, 625. The record before us is devoid of any evidence of changed circumstances which will prejudice Melanie if Lynn is permitted to prosecute his paternity action. Thus, the trial court's judgment dismissing Lynn's paternity petition can not be supported on the theory of laches.

█ Melanie also raised the statute of limitations in her motion to dismiss. The statute of limitations applicable to paternity actions states in relevant part:

"(a) Except for an action filed by the state department of public welfare or the county department of public welfare under subsection (c), the mother, a man alleging to be the child's father, the state department of public welfare, or the county department of public welfare must file an action within two (2) years after the child is born, unless:

.   .   .   .   .

(2) Support has been furnished by the alleged father or by a person acting on his behalf, either voluntarily, or under an agreement with:

(A) The mother;

(B) A person acting on the mother's behalf; or

(C) A person acting on the child's behalf; ..."

Indiana Code section 31–6–6.1–6 (Burns 1980). The record of the hearing on the motion to dismiss indicates that there was a good faith dispute between the parties as to the date Lynn last provided support for Sasha. In a case dealing with the same factual situation as the one presented in this case, this court stated that summary judgment is not appropriate where there is any doubt as to the existence of a genuine issue of material fact. *Tapp v. Haskins,* (1974) 160 Ind.App. 117, 123, 310 N.E.2d 288, 291, *trans. denied, quoting Houston v. First Federal Savings & Loan Association,* (1969) 144 Ind.App. 304, 246 N.E.2d 199. Thus, Melanie would not have been entitled to summary judgment as a matter of law based on the statute of limitations.

As our discussion indicates, no basis or theory appears in the record which supports the trial court's dismissal of Lynn's paternity suit. Consequently, that judgment must be reversed and the cause remanded to the trial court for further proceedings.

*Issue Three*

█ The second issue raised by Lynn which we must discuss deals with the trial court's denial of his Indiana Rules of Procedure, Trial Rule 60(B) motion for relief from the dissolution decree. In reviewing a trial court's grant or denial of a Trial Rule 60(B) motion this court is limited to determining whether or not the trial court abused its discretion. *Keystone Square Shopping Center Co. v. Marsh Supermarkets, Inc.,* (1984) Ind.App., 459 N.E.2d 420, 425, *trans. denied; First National Bank & Trust Co. v. Coling,* (1981) Ind.App., 419 N.E.2d 1326, 1330. An abuse of discretion occurs when the judgment of the trial court is clearly against the logic and effect of the facts and circumstances before the court. *First National Bank,* at 1331. No abuse of discretion occurred here.

█ Lynn's Trial Rule 60(B) motion set out three grounds which he argued entitled him to relief. Two of those grounds attempted to justify relief under Trial Rule 60(B)(1) and (3).[6] These grounds must be raised within one year of the judgment.

---

**6.** Lynn tries to characterize one of these grounds as coming under Trial Rule 60(B)(8). However, the wording of the motion and the memorandum in support of it convince us that he actually alleged fraud or misrepresentation on the part of Melanie. That allegation clearly falls under Trial Rule 60(B)(3).

*Pounds v. Pharr*, (1978) 176 Ind.App. 641, 645, 376 N.E.2d 1193, 1196, *trans. denied* (1979). Since Lynn filed his motion nearly two years after the entry of the dissolution decree, the trial court could not abuse its discretion by denying relief based on these grounds. A third ground set out in Lynn's motion essentially states that it would no longer be equitable to give prospective application to the dissolution decree. After reviewing the record of the hearing on Lynn's Trial Rule 60(B) motion we cannot say that the trial court's ruling, based on this ground, was against the logic and effect of the facts and circumstances before it. Consequently, we hold that the trial court did not abuse its discretion when it denied relief under Trial Rule 60(B).

Melanie has requested that this court award her attorney's fees pursuant to Indiana Rules of Procedure, Appellate Rule 15(G). She argues that Lynn's appeal of the trial court's denial of his Trial Rule 60(B) Motion was frivolous. An award of attorney's fees under Appellate Rule 15(G) is not, however, appropriate in this case. Her request is, therefore, denied.

The trial court's dismissal of Lynn's Petition for Establishment of Paternity is reversed and the cause remanded for further proceedings. The denial of Lynn's Motion for Relief of Final Judgment is affirmed. Costs against appellee.

ROBERTSON, J., concurs.

YOUNG, J., by designation, concurs.