**Birdie WILLIAMS, Plaintiff,**

v.

**Benjamin GRANT, M.D., Georgia Mitchell, M.D., Carl H. Moultrie, III, M.D., Randall C. Morgan, Jr., M.D. Inc., and Benjamin F. Grant, M.D. and Associates, Inc., Defendants.**

**No. SpJ5692.**

Supreme Court of Indiana.

Nov. 13, 1984.

---

**OPINION UPON ORDER TO TRIAL JUDGE TO CONTINUE JURISDICTION IN THE PENDING CASE**

DeBRULER, Justice.

█ This matter is before us upon the notice of the Clerk of the LaPorte Superior Court that submission of a cause was withdrawn from the Honorable Donald Martin on September 7, 1984, pursuant to the provisions of Trial Rule 53.1. The praecipe to withdraw submission was filed by defense counsel and appears as follows:

"TO THE CLERK OF THE SUPERIOR OF LAPORTE COUNTY: You are hereby requested to withdraw the submission of this cause from the Honorable Donald Martin, and to disqualify said judge from proceeding further in this cause on the ground that:

1. On May 5, 1983, a motion for summary judgment by the defendants Benjamin Grant, M.D., Georgia Mitchell, M.D. and Benjamin F. Grant M.D. and Associates, Inc. was filed herein and thereafter, after waiver of the parties of a hearing of said motion and waiver by the defendant of his right to file a reply to the response of the plaintiff on or before the 11th day of April

1984, the motion was submitted for ruling to the Honorable Donald Martin.

2. More than thirty days has past since the submission of said motion and the Honorable Donald Martin has delayed ruling on said motion.

You are further requested to give written notice to the Honorable Donald Martin and the Supreme Court of Indiana that submission of this cause has been withdrawn and to perform all other duties required of you by trial rule 53.1 of the Indiana rules of procedure."

Entries upon the docket sheet of the trial court delivered to this Court by the said clerk upon our request display the following pertinent entries:

"12–5–83—Parties, by agreement of counsel, request that the hearing set for 12–2–83 be continued. Granted. Hearing on motion for Summary Judgment reset for March 23, 1984, at 2:30 P.M.
3–23–84—Comes now the plaintiff by counsel and files response to defendants' motion for summary judgment in the following words and figures, to-wit: (H.I.)
3–23–84—Conference call held by parties with Court. Deft. granted 20 days to file reply to Plaintiff's response to defendant's motion for summary judgment. Cause set for trial by jury for Oct. 9, 1984, at 9:00 A.M. (Mr. Hanning to prepare pre-trial order.)
9–7–84—Praecipe for Withdrawal of Submission filed in Clerk's Office, by defts. Submission withdrawn. Clerk to notify Supreme Court."

The entries relied upon by the Clerk in making the determination of withdrawal, reflect a grant of twenty days to the defendants to file a reply to the plaintiff's response to the defendants' motion for summary judgment. The term "reply" does not appear in Trial Rule 56. The term "response" does appear there and contemplates among other things the submission of affidavits and factual matter. The entries also reflect that no reply was filed by

defendants and no further formal action taken by either party or the trial court until submission was withdrawn.

As noted above, the praecipe is predicated upon the waiver by the parties of a hearing on the motion for summary judgment. There is no entry evidencing such a waiver. If there were such an entry it would be construed to mean that the plaintiff and the defendants had no further support to provide for the motion or the response and did not wish to make an oral presentation.

The praecipe is also predicated upon a waiver by the defendants of a right to file a reply to the response of the plaintiff on or before the 11th day of April, 1984. There is no entry reflecting this waiver. There is only a twenty day limitation placed upon defendants' ability to present further matter. There would be no inconsistency between the entry and a subsequent motion of the defendants for an extension of the twenty day period on just grounds like those upon which motions for a continuance of a hearing or trial are normally granted.

■ According to that part of the rule invoked in the praecipe, it is the failure of the trial court to rule within thirty (30) days after a motion *has been heard*, which can result in the withdrawing of submission. As we stand in the stead of the Clerk and view this docket sheet, it shows no more than an incomplete hearing upon a motion. Because of the many contingencies relating to the fair and orderly superintendence of the exercise of trial type rights, Trial Rule 53.1 imposes no limitation upon the duration of trials and hearings in progress.

It is therefore ordered that the jurisdiction of this cause continue with the Hon. Donald D. Martin. Certified copies hereof to be directed to Judge Martin, to Clerk of the LaPorte Superior Court, and to counsel Richard A. Hanning. The Clerk of the LaPorte Superior Court is further directed

to forward notice of the order to all parties of record.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ. concur.