In re The MARRIAGE OF George W. BATES and Ann W. Bates.

No. 4-884A212.

Court of Appeals of Indiana, Fourth District.

Feb. 14, 1985.

---

William K. Bennett, Bennett, Boehning, Poynter & Clary, Lafayette, for appellant.

John W. Barce, Barce, Vann & Ryan, Fowler, George Vann, Kentland, for appellee.

CONOVER, Judge.

Appellant Ann W. Click (Ann) appeals the denial of her T.R. 60(B) motion to vacate a dissolution decree.

Affirmed.

ISSUES

Ann presents three issues, which we have restated, for our review:

1. Whether George W. Bates (George) was a resident of Indiana.

2. Whether the dissolution of marriage was procured by fraud thus excusing Ann's neglect to defend the petition for dissolution.

3. Whether the marriage between George and Ann was irretrievably broken.

FACTS

George and Ann were married in Cassville, Missouri, on May 22, 1980, after having met in Florida 3 months earlier. At the time of the marriage, Ann had been a resident of Florida for 18 years and George a resident of Indiana for 72 years. Prior to his marriage to Ann, George spent his winters in Florida and the balance of the year in Fowler, Indiana. This practice continued after their marriage. Immediately after their marriage in Missouri, George and Ann resided in Indiana. Three months after their marriage, George and Ann separated. In September of that year, George filed a petition for dissolution of marriage in the Benton Circuit Court. A property settlement agreement was entered into. Later, however, George and Ann recon-

ciled. The dissolution action was dismissed in November, 1980.

George and Ann continued to experience difficulties in their marriage. In October, 1981, George filed a second petition for dissolution of marriage in the Benton Circuit Court. A second property settlement agreement was entered into three days later. The final hearing was set for February 11, 1982. Ann called the court and requested a continuance. It was granted. After consulting counsel, Ann successfully sought rescission of the property settlement agreement. The parties drew up a new agreement but never executed it. Final hearing was set twice more in 1982, but no hearing was held.

In March, 1983, George and Ann, without aid of counsel, entered into a third property settlement agreement, reduced it to writing, and executed it. The court set the petition for final hearing on March 29, 1983. Ann was notified by mail the hearing was set for March 28th. George talked to Ann in person that day in Florida. Knowing the date to be in error, George informed Ann of the actual date. Upon Ann's insistence, George verified the date via telephone with his attorney while Ann was on an extension line.

George returned to Indiana for the hearing, but Ann did not. His petition, being uncontested, was granted. Ann had neither protested to George or his attorney the date of the hearing or the dissolution, nor did she contact the court or her own attorney to seek a continuance. The final decree of dissolution was entered the day of the hearing March 29, 1983.

That same day, George returned to Florida, and presented Ann with the final decree. Consistent with the property settlement agreement, he presented Ann with a cashier's check for $20,000. Ann accepted the check, depositing it in a bank account bearing her maiden name (Ann Click). On April 4, Ann conveyed her interest in a condominium, again pursuant to the property settlement agreement, to George by quit-claim deed executed as Ann W. Click, a single woman. By April 22, all the provisions of the property settlement agreement had been carried out. George closed the sale of his condominium and returned to Indiana. No appeal was taken from the final decree.

In late May, 1983, Ann returned to George's home in Indiana where they made plans to remarry. On July 17 George died, George's estate was opened on July 20, and Ann filed a motion to vacate the dissolution decree 5 days later. On April 24, 1984, a special judge held a hearing on Ann's motion, and entered an order finding George's residence established. All other issues were taken under advisement. On May 3, the trial court entered judgment against Ann denying her petition.

## DISCUSSION AND DECISION

■■ It is important to first note this is not an appeal from the original dissolution decree. Rather, it is an appeal from the denial of Ann's T.R. 60(B) motion to vacate the decree filed eight days after George's death, 118 days after entry of the final decree. The trial court treated this motion as one made under Ind. Rules of Procedure, Trial Rule 60(B). When reviewing the denial of a T.R. 60(B) motion, we are limited to determining whether or not the trial court abused its discretion. *Siebert Oxidermo v. Shields* (1983), Ind., 446 N.E.2d 332, 340; *In Re: Marriage of Moser* (1984), Ind.App., 469 N.E.2d 762, 767; *Keystone Square Shopping Center Co. v. Marsh Supermarkets, Inc.* (1984), Ind. App., 459 N.E.2d 420, 425. An abuse of discretion occurs where the trial court's ruling is clearly against the logic and effect of the facts and inferences supporting the judgment. *Moser, supra,* 469 N.E.2d at 767; *Westlake v. Benedict* (1984), Ind.App., 469 N.E.2d 27, 29.

### I. *Residence*

Ann contends since George was in Florida less than six months prior to filing of the petition for dissolution the residency requirement of Indiana's dissolution of marriage statute was not met, thus the Indiana court lacked subject matter juris-

diction.[1] Ann fails to recognize, however, the residency requirement refers to legal residence or domicile, not just the place of the petitioner's physical presence. Under our system of law, subject matter jurisdiction to grant dissolution of marriage is founded on domicile. *Ulrey v. Ulrey* (1952), 231 Ind. 63, 69, 106 N.E.2d 793, 795; 10A *I.L.E. Divorce* § 33 (1983).

▮▮▮ While, as Ann contends, George lived in Florida approximately half of each of his later years, this fact alone does not prove domicile. To change domicile, actual residence and the intent to change legal residence must occur. One must remove to the new residence without the intention of returning to the old as such. *Ulrey, supra,* 231 Ind. at 69, 106 N.E.2d at 795. Ann argues George's legal residence only could have been Florida. The record, however, reveals no evidence George intended to change his legal residence. We cannot say here the trial judge abused his discretion in determining George was an Indiana resident. Therefore, we find no error here.

## II. *Excusable Neglect*

▮▮ Ann next contends her failure to appear to contest the divorce or to file an appeal from the final decree is excusable due to fraud by George. She alleges instances where they had reconciled, and she believed the petition had been disposed of or dismissed. These occurrences, however, happened months before the hearing. The record shows just three weeks before the final hearing George and Ann entered into a new property settlement agreement without the aid of counsel.

Even had Ann been justified in relying on assurances of dismissal prior to the new agreement, she was on notice as of March 7 the petition was very much alive. She could no longer rely on any past statements the petition had been dismissed. Ann was experienced in dissolution of mar-

riage property settlements. She had been married and divorced twice from other husbands, and twice before negotiated a property settlement agreement with George. She knew such agreements contemplate a final dissolution of marriage. Further, the agreement itself, signed by both parties on March 7, stated

"... WHEREAS the parties hereto presently have a dissolution of marriage cause pending in the Circuit Court of Benton County, Indiana ..."

Finally, George called his attorney and in Ann's presence, requested the petition be set for final hearing on an uncontested basis on either March 28 or 29.

Then, on March 28 George personally informed Ann the final hearing would be the next day. He made sure she was not misled by his attorney's letter which misstated the date. Further, Ann had the date of the final hearing verified by George's attorney. Ann made no effort to appear at the hearing or to seek a continuance even though she was aware it would be held at 1:30 p.m. in Benton County the next day. When a final hearing was set previously on a petition for dissolution, Ann gained a continuance by merely telephoning the court. There is no evidence she made any effort to obtain a continuance or to seek the advice of counsel.

The facts presented here do not demonstrate fraud excusing Ann's neglect in seeking counsel, contesting the dissolution, or appealing the decree. *See, e.g., In Re: Marriage of Murray* (1984), Ind.App., 460 N.E.2d 1023, 1026.

## III. *Irretrievable Breakdown*

Ann finally contends the marriage was not irretrievably broken, thus dissolution could not be ordered. Her brief attempts to reargue the facts of the prior case. It suggests this court's duty is to determine whether or not there had been a reasonable possibility of reconciliation. Ann obviously

---

1. The Indiana Dissolution of Marriage Act, IC 31–1–11.5–6, states, in pertinent part,

    (a) At the time of the filing of a Petition pursuant to Section 3(a) ... of this chapter (Dissolution of Marriage), at least one (1) of the parties shall have been a resident of the State of Indiana or stationed at a United States military installation within the State for six (6) months immediately preceding the filing of each Petition.

misunderstands the role of this court and the status of these proceedings.

Since Ann is appealing a denial of her T.R. 60(B) motion, our responsibility here is to determine if the trial court's ruling is an abuse of discretion. If the ruling is not clearly against the logic and effect of the facts and inferences supporting the judgment, such will be affirmed. *See, Moser, supra,* 469 N.E.2d at 767; *Westlake, supra,* 469 N.E.2d at 29.

The duty of the trial judge in deciding Ann's motion to vacate decree was to determine whether the original judge in the dissolution action had sufficient evidence to issue the dissolution decree. The trial judge determined, and we have affirmed, Ann had no grounds to excuse her failure to defend against the original decree.

No facts appear in this record which legally excuse Ann's failure to contest the dissolution decree. Further, she did not in fact present evidence in the final hearing rebutting that presented by George. The trial judge properly determined Ann failed to prove George did not sufficiently prove an irretrievable breakdown of the marriage.

Affirmed.

MILLER, P.J., and YOUNG, J., concur.