**Grace HAMILTON, Appellant (Petitioner Below),**

v.

**Samuel HAMILTON, Appellee (Respondent Below).**

**No. 2–584–A–132–PS.**

Court of Appeals of Indiana, Second District.

Feb. 24, 1986.

Rehearing Denied April 4, 1986.

Anthony M. Benedict, Indianapolis, for appellant.

John Paul Jones, Jr., Indianapolis, for appellee.

SULLIVAN, Judge.

Petitioner-Appellant Grace Hamilton (Grace) appeals from the trial court's refusal to set aside or modify a provision of a dissolution decree which concerned the valuation and distribution of certain real estate.

We affirm.

The facts giving rise to this appeal are as follows: On May 13, 1981, Grace filed a petition for dissolution of her marriage of 29 years to Samuel Hamilton. The cause was subsequently tried on November 23, 1981, and a decree of dissolution of marriage was entered on January 24, 1982.

The dissolution decree provided, among other things, that Samuel be awarded as his sole and separate property, real estate located in Kentucky with an approximate fair market value of $75,000.

Approximately eighteen months later, on July 27, 1983, Grace, asserting fraud, filed a motion for relief from judgment pursuant to Ind. Rules of Procedure, Trial Rule 60(B).[1] The trial court scheduled an evidentiary hearing based upon its decision to treat paragraphs 1, 2 and 4 of the motion as a request for relief under I.C. 31–1–11.-5–17 (Burns Code Ed.Supp.1985).[2]

In paragraph 1 of her motion, Grace alleged that she had discovered new evidence

---

1. The trial court correctly concluded that as a Trial Rule 60(B) Motion, it was not timely filed. *In Re Marriage of Moser* (1984) 1st Dist.Ind. App., 469 N.E.2d 762.

2. The applicable portion of the statute provides that orders as to property disposition may not be revoked or modified except in case of fraud, and if the relief is sought within two years.

which established that Samuel was responsible for a diminution in the value of the Hamiltons' estate because he had withdrawn their Kentucky property from sale at a time when it could have been sold for approximately $165,000—more than twice the value acknowledged by the trial court. In paragraph 2 of her motion, Grace alleged that it was Samuel's plan to produce an estimate far below the true value of the property and later to sell the property at a significantly higher price.[3]

At the evidentiary hearing on January 25, 1984, Grace introduced into evidence the depositions of Frances Cooley and Rondall Lawson, the real estate agent and broker with whom Samuel listed the Hamiltons' Kentucky property during April, 1981. After hearing arguments of counsel and testimony, the trial judge stated that he had perused and marked the depositions of Cooley and Lawson and that he wished to take a twenty-minute recess in order to review them. Neither party made any objection. After the recess, the trial judge stated his findings and decision, denying Grace's motion.

The sole assertion made by Grace as a basis for reversal is that the trial court neither had nor took adequate time for proper consideration of the evidence.

█ There were and are many provisions by statute, rule and case decision which deal with matters kept under advisement by trial judges for an unreasonably long period.[4] We find no similar strictures which require any minimum period for responsible and deliberative consideration. See Williams v. Grant (1984) Ind., 470 N.E.2d 339.

We have been able to find no authority which premises reversal of a ruling or judgment of a trial court upon the fact that it was made expeditiously. Quite obvious-

ly, appellant was unable to uncover any such authority, for other than a general discourse upon the duty of a trial judge when setting aside a jury verdict, she cites only three sources for her position: (1) Wainwright, How to Read for Speed and Comprehension (1977), (2) Lewis, How to Read Better and Faster (1958), and (3) Mares, Rapid and Efficient Reading (1979). While these materials are undoubtedly of value within their sphere of influence and expertise, we do not view them persuasive or even germane in the matter before us.

The most analogous authority we have found holds that the speed with which a jury reaches a verdict has no bearing upon the validity of that verdict. See 91 A.L. R.2d 1230 and 91 A.L.R.2d Later Case Service at 441; 75 Am.Jur.2d Trial § 1013 (1974); 89 C.J.S. Trial § 462 c (1955). Cf. Lutz v. Goldblatt Bros. Inc. (1967) 140 Ind.App. 678, 225 N.E.2d 843.

It is apparent that appellant places little credence in the oft-repeated but over-simplified shibboleth that "justice delayed is justice denied."

Our research would indicate that appellant's argument on appeal presents a case of first impression. We are unaware of any authority which would support the proposition that expeditious justice is justice denied.

To be sure, all litigants are entitled to a thorough and reflective consideration of the evidence and the legal theorems submitted. Most certainly swift "justice" without deliberation and contemplation is no justice at all. Expeditious justice, however, is neither so precipitously swift and hasty, nor so long delayed as to invalidate the judicial process. In any event, we are totally unconvinced that the trial court here

---

3. Paragraph 4 of Grace's motion to set aside the judgment alleged that Samuel had defrauded her by failing to reveal the existence of a substantial asset—an account with his railroad credit union—which existed at the time of the final dissolution hearing. However, paragraph 4 was not litigated at the evidentiary hearing and is not before us upon appeal.

4. See e.g., Ind.Ann.Stat. § 2–2102 (Burns Repl. 1968), repealed by Acts 1969, Ch. 191, § 3; Indiana Rules of Trial Procedure, Rules 53.1, 53.2 and 53.3; Hepp v. Pierce (1984) 3d Dist.Ind.App., 460 N.E.2d 186.

did not give thorough and reflective attention to the matter before him. Quite to the contrary, the record discloses that a particularly conscientious determination was made in this case, both in the light of the allegations and in the light of the evidence.

The judgment is affirmed and because we consider this appeal frivolous we order not only that the costs of appeal be assessed against appellant but that she bear the cost of reasonable appellate attorney fees incurred by appellee. *See Barnett v. Barnett* (1983) 1st Dist.Ind.App., 447 N.E.2d 1172; *Budnick v. Budnick* (1980) 2d Dist.Ind.App., 413 N.E.2d 1023.

BUCHANAN, C.J., and SHIELDS, J., concur.