**LEOTA VAEA AINU`U, Petitioner,**

v.

**TASIAEAFE AINU`U, Respondent.**

High Court of American Samoa
Trial Division

DR No. 15-03

August 27, 2003

Before RICHMOND, Associate Justice, ATIULAGI, Associate Judge, and MAMEA, Associate Judge.

Counsel: For Petitioner, Katopau T. Ainu`u
For Respondent, Tauivi. Tuinei

## ORDER DENYING MOTION TO DISMISS

Petitioner Leota Vaea Ainu`u ("Leota") filed a petition for dissolution of marriage. Respondent Tasiaeafe Ainu`u ("Tasiaeafe") moved, pursuant to T.C.R.C.P. 12(b)(1), to dismiss the action on the ground that this court lacks subject matter jurisdiction over the petition. In particular, Tasiaeafe contends that Leota fails to meet the one-year residency requirement under A.S.C.A. § 42.0206(a)(1). The Court, having heard and considered counsels' arguments, will deny the motion.

## Standard of Review

In deciding a motion to dismiss for lack of subject matter jurisdiction, the burden of proof is on the party claiming jurisdiction. *See* 5A CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1350 (3d ed. 1998). Both the movant and the petitioner may use affidavits and other supporting material to challenge or prove subject matter jurisdiction. *Id.*[1]

---

[1] Petitioner seeks to convert this motion into one for summary judgment because both parties have introduced materials outside of the pleadings. However, extra-pleading material is appropriate in the Rule 12(b)(1) context and, therefore this motion is properly considered as a motion to dismiss. *See, e.g., Biotics Research Corp. v. Heckler*, 710 F.2d 1375,

159

## Discussion

At issue is whether Leota has met the one-year residency requirement under A.S.C.A. § 42.0206. A.S.C.A. § 42.0206(a)(1) provides that "the petition shall be dismissed if upon the evidence presented the court finds . . . that it has not been established that either the petitioner or respondent has been a bona fide and continuous resident of American Samoa for at least one-year next preceding the commencement of the action or proceeding."

■ "[T]he term 'residence,' as used in a statute governing subject-matter jurisdiction over a marriage dissolution proceeding is equivalent to domicile, unless a contrary intent is shown." 24 AM. JUR. 2D *Divorce and Separation* § 202 (1998). Thus, proof of either residency or domicile will satisfy the one-year residency requirement under A.S.C.A. § 42.0206.

■ Leota and Tasiaeafe were married on December 22, 1984 in American Samoa. Leota continuously lived in American Samoa until 1998. In 1998, he was transferred by his employer, the United States Department of the Interior, National Park Services, to Nevada. According to Leota, he always intended to return to his home in American Samoa and never intended to change his domicile to Nevada. Acting in accordance with this intention, Leota maintained his voter registration in American Samoa and returned to vote in local elections in 1998 and 2000. In October 2002, Leota returned to American Samoa and is currently employed by the American Samoa Government.

■ Under these facts, Leota's domicile is and always has been American Samoa. Although Leota moved to Nevada for four years, he claims he never intended to make Nevada his new domicile. "To change domicile, actual residence and the intent to change legal residence must occur. One must remove to the new residence without the intention of returning to the old as such." *In re The Marriage of George W. Bates*, 474 N.E.2d 140, 143 (Ind. Ct. App. 1985). In addition, "[a] temporary absence from one's domiciliary state because of work or employment at another place does not of itself effect a change of domicile." 24 AM. JUR. 2D *Divorce and Separation* § 213 (1998). Since Leota viewed his move to Nevada as a temporary job transfer and always intended to return to American Samoa, his domicile remained in American Samoa. Accordingly, we conclude that petitioner has been a *"bona fide* and continuous resident of American Samoa" as required under the statute. As such, this Court has subject matter jurisdiction over the dissolution petition.

---

1379 (9th Cir. 1983).

For the reasons stated above, the motion to dismiss is denied.

It is so ordered.