**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANTS:

**CHRISTOPHER K. STARKEY**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**JAMES G. TYLER**
Tyler Law Office
Tell City, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| COMMISSIONER OF LABOR ex rel VINCENT SCIALDONE and ANTIMO SCIALDONE, | ) ) ) ) | |
| Appellants/Plaintiffs, | ) ) | |
| vs. | ) ) | No. 62A01-1312-PL-548 |
| AN ISLAND, LLC, | ) ) ) | |
| Appellee/Defendant. | ) | |

APPEAL FROM THE PERRY CIRCUIT COURT
The Honorable Lucy Goffinet, Judge
The Honorable Karen A. Werner, Magistrate
Cause No. 62C01-1110-PL-498

**June 6, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

Appellants/Plaintiffs Antimo Scialdone and his son Vincent Scialdone worked for Appellee/Defendant An Island, LLC, ("Island") beginning in 2008. In the first few days of January, 2010, Antimo was terminated and Vincent resigned his position with Island. Appellant/Plaintiff the Commissioner of Labor filed a wage claim on behalf of the Scialdones, claiming that they had not been paid for work performed in 2010 for Island, for January 1 as a paid holiday, for vacation accrued in 2009, and, in Vincent's case, a sick day taken in 2010 prior to his resignation. Following a bench trial, the trial court entered judgment in Island's favor, concluding that neither Antimo nor Vincent performed any work in 2010 for which they were not compensated, neither was entitled to be paid for any accrued vacation time, and Vincent was not entitled to be paid for a sick day. Appellants contend that the trial court erred in not ordering Island to pay any 2010 wages to Antimo or Vincent and in not awarding the plaintiffs' attorney's fees. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

In 2008 Island, a software development company, hired Antimo as Director of Programming and Vincent as Junior Programmer, at yearly salaries of $120,000 and $24,000 respectively. (Tr. 6, 8, 29, 31). At 6:34 a.m. on January 4, 2010, Island CEO Balaji Kaveripak sent Antimo an email notifying him that his employment was terminated. (Ex. C). On January 6, 2010, Vincent resigned from his position at Island. (Tr. 30). Vincent was later paid for working on January 4, 2010. (Tr. 31).

2

On February 1, 2010, Antimo filed an "Application for Wage Claim" with the Indiana Department of Labor ("DOL"), seeking to be compensated for two weeks of untaken vacation and two days worked in 2010 prior to his termination. (Ex. 2). On February 2, 2010, Vincent filed a wage claim with the DOL, seeking to be compensated for two weeks of untaken vacation, one holiday (January 1, 2010) on which he also claimed to have worked, and one sick day (January 5, 2010). (Ex. 10). Island disputed the Scialdones' claims, and, after failing to resolve the matter, the DOL suggested that they file suit. (Ex. 5).

Although the Scialdones initially filed suit in Marion County, the suit was transferred to Perry Circuit Court on October 17, 2011. (Appellant's App. 1). On August 8, 2012, the Scialdones moved for partial summary judgment, which motion the trial court denied on November 1, 2012. (Appellant's App. 2). On August 26, 2013, the trial court held a hearing on the Scialdones' claims. (Appellant's App. 3). On October 7, 2010, the trial court issued its findings and conclusions, ruling in favor of Island on all claims. (Appellant's App. 6-13). *Inter alia*, the trial court concluded that neither Antimo nor Vincent was entitled to be paid for any accrued vacation, that Antimo performed no work in 2010 for which he was entitled to compensation, and Vincent was not entitled to be paid for a sick day.

## DISCUSSION AND DECISION

### Whether the Trial Court Erred in Denying the Scialdones' Wage Claims

The trial court entered findings of fact and conclusions of law pursuant to Indiana Trial Rule 52. In such cases,

3

we must first determine whether the evidence supports the findings and second, whether the findings support the judgment. The trial court's findings and conclusions will be set aside only if they are clearly erroneous, that is, if the record contains no facts or inferences supporting them. A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. We neither reweigh the evidence or assess the credibility of witnesses, but consider only the evidence most favorable to the judgment.

*Webb v. Webb*, 868 N.E.2d 589, 592 (Ind. Ct. App. 2007) (citations omitted).

Regarding Antimo's claims that he was entitled to vacation pay and pay for time worked on January 1 and 4, 2010, we conclude that the trial court's judgment against him is not clearly erroneous. Antimo testified that he was paid on or about the last day of each month for that month's work. (Tr. 8). Island CFO Randall Cole testified that Island's vacation accrual policy was that an employee only became entitled to vacation when he had completed one full pay period beginning with each new calendar year, and continued to accrue vacation each month on a pro rata basis throughout the year. (Tr. 59). In other words, Antimo was required to work until the end of January of 2010 to earn one-twelfth of his vacation for that year. Antimo did not. As for Antimo's claim that he worked on January 1 and 4, 2010, this claim is directly contradicted by Island's Exhibit B, which was a weekly time sheet submitted by Antimo that showed that he did no work on the dates in question. The trial court did not err in entering judgment against Antimo.

Regarding Vincent's claims, pursuant to Island's vacation policy, Vincent was required to work until the end of January of 2010 in order to accrue any vacation time, but did not. The resolution of this claim is the same as for Antimo. As for Vincent's

4

claim that he was entitled to be paid for January 1, either because it was a paid holiday or because he worked on that day, the record indicates that January 1 was an Island holiday, but there is no indication that it was a *paid* holiday. Vincent's Exhibit 7, his job offer from Island, indicates only that "[a]nnual holidays will consist of New Years Day, Good Friday, Memorial Day, July 4, Labor Day, Thanksgiving, and Day after Thanksgiving, Christmas Eve and Christmas" without indicating that the holidays were paid. Additionally, while CFO Cole testified that employees were not expected to work on Island holidays, nothing in his testimony indicated that Island holidays were paid holidays.[1] (Tr. 59). Vincent also claimed to have worked on January 1, 2010, in his application for wage claim. (Ex. 7). In an affidavit submitted in support of the Scialdones' summary judgment motion, however, Vincent did not claim to have worked that day. The record contains sufficient evidence to sustain a finding that Vincent worked on January 4, 2010 (for which Island compensated him), but no other day that year. Vincent's final claim is that he was entitled to be paid for a sick day taken on January 5, 2010, the day before he resigned. Cole testified, however, that Island had no sick day policy and that employees were not compensated for sick days. (Tr. 71). The trial court's judgment against Vincent is not clearly erroneous.

We affirm the judgment of the trial court.

RILEY, J., and ROBB, J., concur.

---

[1] The trial court's findings and conclusions do not specifically address Vincent's claim that he was entitled to be paid for January 1, 2010, as a paid holiday. It is well-settled, however, that "we must affirm the trial court's judgment if it is sustainable on any theory or basis found in the record." *In re Marriage of Moser*, 469 N.E.2d 762, 766 (Ind. Ct. App. 1984).