In the Matter of the Paternity of T.C.S., Minor Child By STATE of Indiana, DE-PARTMENT OF PUBLIC WELFARE and Shelley Sabie, Appellants–Petitioners Below,

v.

Joseph ELLIS, Appellee–Respondent Below.

No. 46A03–9103–JV–59.

Court of Appeals of Indiana, Third District.

Aug. 21, 1991.

Linley E. Pearson, Atty. Gen., Gordon E. White, Jr., Deputy Atty. Gen., Indianapolis, for appellants-petitioners below.

Hugo A. Bamberth, W. Jonathan Forker, LaPorte, for appellee-respondent below.

STATON, Judge.

The State of Indiana, Department of Public Welfare ("DPW") and Shelley Sabie appeal the dismissal of a Petition to Establish Paternity. We are presented with the sole issue of whether the respondent, Joseph Ellis, waived the affirmative defense of limitation of actions.

We affirm.

Sabie gave birth to T.C.S. on July 14, 1979. On July 25, 1989, the appellants filed a Petition to Establish Paternity, naming Ellis as the putative father. On September 11, 1989, Ellis filed a Motion for Paternity Testing. An Agreed Stipulation was entered into by the parties on October 31, 1989. The Stipulation provided for payment of testing costs, and further provided that the test results would be allowed into evidence at trial without further foundation or authentication.

On August 14, 1990, Ellis filed his Motion to Dismiss, alleging that the paternity action is barred by the statute of limitations set forth in IND. CODE 31–6–6.1–6. On September 20, 1990, a hearing was held before the Probate Commissioner of the LaPorte Circuit Court. On that date, the trial court reviewed the Commissioner's

recommendation and granted Ellis' Motion to Dismiss.

I.C. 31–6–6.1–6 sets forth the applicable statute of limitations in paternity actions, providing in pertinent part:

"(a) Except for an action filed by the state department of public welfare or the county department of public welfare under subsection (c), the mother, a man alleging to be the child's father, the state department of public welfare, or the county department of public welfare must file an action within two (2) years after the child is born, unless:

(1) Both the mother and the alleged father waive the limitation on actions and file jointly;

(2) Support has been furnished by the alleged father or by a person acting on his behalf, either voluntarily, or under an agreement ...

(3) The mother, the state department of public welfare, or the county department of public welfare files a petition after the alleged father has acknowledged in writing that he is the child's biological father;

(4) The alleged father files a petition after the mother has acknowledged in writing that he is the child's biological father;

(5) The petitioner was incompetent at the time the child was born; or

(6) A responding party cannot be served with summons during the two-year period.

A petition must be filed within two (2) years after any of the above conditions ceases to exist.

. . .

(c) If public assistance has been furnished for the child by the state department of public welfare and an assignment of support rights under Title IV–D of the federal Social Security Act (42 U.S.C. 651 et seq.) has been executed on behalf of the child, an action may be filed by the state department of public welfare or the county department of public welfare before the child's fifth birthday."

Sabie, a recipient of AFDC funds, executed an assignment of support rights pursuant to 42 U.S.C. § 651. Record, p. 3.

The Petition to Establish Paternity here at issue was commenced after this assignment of support, and is governed by subsection (c) of I.C. 31–6–6.1–6. Although the appellants acknowledge that the petition was filed after T.C.S.'s fifth birthday, they do not claim that any of the exceptions of I.C. 31–6–6.1–6(a)(1)—(a)(6) apply. Rather, the appellants contend that Ellis waived the defense of limitation of actions by requesting a court order for blood tests and by entering into the Agreed Stipulation.

A hearing was held upon Ellis' motion to dismiss. Ellis also executed and filed an affidavit wherein he denied any conduct or circumstance which would toll the applicable statute of limitations (e.g., provision of support). We will therefore treat his motion to dismiss as a motion for summary judgment. Summary judgment is appropriate where no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law. *In Re Marriage of Moser* (1984), Ind.App., 469 N.E.2d 762, 765.

 The statute of limitations for paternity actions is not jurisdictional. It bars the remedy only and must be pleaded and proven as an affirmative defense. *County of Ventura, State of Cal. v. Neice* (1982), Ind.App., 434 N.E.2d 907, 912. A party pleading a statute of limitations bears the burden of proving the suit was commenced beyond the statutory time allowed. Ind. Trial Rule 8(C). However, a party who relies on facts in avoidance of a statute of limitations has the burden of proving those facts. *D.E.F. v. E.M.* (1977), 173 Ind.App. 274, 363 N.E.2d 1030.

Pursuant to T.R. 8(C), an affirmative defense is to be set forth in a responsive pleading. In a paternity action, however, no responsive pleading is required. The issues are closed by operation of law to facilitate expeditious provision of support. *Buher v. Johnson* (1973), 155 Ind.App. 693, 699, 294 N.E.2d 625, 629, *reh. denied.*

Appellants contend that Ellis implicitly agreed that the paternity action would proceed to trial. They rely upon the language

of *State ex rel. Beaven v. Marion Juvenile Court* (1962), 243 Ind. 209, 184 N.E.2d 20:

"A defendant who either actively or passively consents to the setting of a case for trial without the issues being formally closed by the filing of an answer and thus treats the issues as being closed by operation of law, cannot thereafter *demand any action in the case which, by rule of this court, he should have asserted prior to the closing of the issues.*"

243 Ind. at 213, 184 N.E.2d at 21 (emphasis added).

Ellis replies that appellants' reliance on *Beaven* is misplaced, in that *Beaven* involved a request for jury trial which by court rule should have been made within 10 days after the issues were first closed. Failure to comply with the 10 day time limitation resulted in waiver. Relying upon Trial Rule 12(B), Ellis contends that his affirmative defense was not subject to a like time limitation, but could be raised at any time up to and including trial.

T.R. 12(B) provides in pertinent part: "If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at trial any defense in law or fact to that claim for relief."

■ In a paternity action, which requires no responsive pleading, a statute of limitations defense may be raised in a motion to dismiss. *Moser, supra,* at 765. In *D.E.F. v. E.M., supra,* a motion to dismiss raising a statute of limitations defense was properly made at the close of E.M.'s case-in-chief.

■ Pursuant to T.R. 12, Ellis was permitted to raise his statute of limitations defense up to and including the time of trial. The Petition to Establish Paternity discloses on its face that more than five years had expired since the birth of T.C.S. Ellis' affirmation that no conduct or circumstance specified in I.C. 31–6–6.1–6(a) had tolled the applicable statute of limitations is uncontroverted.

As there exists no genuine issue of material fact and Ellis is entitled to judgment as a matter of law, the judgment of the trial court is affirmed.

GARRARD, J., concurs.

RUCKER, J., concurs in result without separate opinion.