### George VAN SANTEN, Appellant–Respondent,

### v.

### Dennis TREECE, Appellee–Petitioner.

### No. 64A03–9508–CV–288.

Court of Appeals of Indiana.

May 31, 1996.

Steven A. Johnson, Jennifer A. Slater, Steven A. Johnson & Associates, Merrillville, for Appellant.

### OPINION

STATON, Judge.

George Van Santen ("Van Santen") appeals the issuance of a permanent protective order[1] against him. He presents one issue for our review which we restate as follows: Whether the evidence was sufficient to support the issuance of a permanent protective order.

We reverse and remand.

Van Santen is the senior officer in charge of day-to-day operations of the Portage facility of Sequa Corporation. Treece is a laborer at the facility. Treece was injured and re-

---

1. IND.CODE § 34–4–5.1–5 (Supp.1994).

ceived Worker's Compensation benefits. When he returned to work, his doctor restricted his activities. Treece was unhappy with the work assignments he was receiving and filed several grievances with his union. However, those grievances were not settled to his satisfaction.

Treece petitioned the court for an emergency protective order to stop Van Santen from harassing him at work or outside work. The court granted the petition and held a hearing on the permanent protective order. At the hearing, Treece testified that he was asking the court to remedy his work situation. He also testified that he had no relationship with Van Santen outside the work environment. The only evidence of any harassment presented by Treece occurred during work and involved verbal abuse by Van Santen. The trial court held that it did not have jurisdiction to issue a protective order regarding the workplace.[2] However, it issued a mutual protective order prohibiting any contact over Treece except during the normal course of employment.

■ We note at the outset that Treece has not favored us with a brief. Where only the appellant files a brief, we may reverse the trial court if the appellant makes a *prima facie* showing of reversible error. *Rzeszutek v. Beck*, 649 N.E.2d 673, 676 (Ind.Ct.App. 1995), *trans. denied.* This rule "protects this court and relieves it from the burden of controverting arguments advanced for reversal, a duty which properly remains with counsel for the appellee." *Id.*

■ Van Santen argues that the evidence was insufficient to support the issuance of the protective order because there is no evidence of any contact between the parties outside their employment relationship. Our test for sufficiency of the evidence requires that we neither weigh the evidence nor resolve questions of credibility. We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Martin v. Roberts*, 464 N.E.2d 896, 904 (Ind.1984).

■ A petition for a protective order must contain allegations of "specific acts or feared acts of abuse, harassment, or disruption of the peace of the petitioner or members of the petitioner's household or any allegations concerning specific damage to or fear of damage to any property of the petitioner."[3] IND.CODE § 34–4–5.1–2 (Supp.1994). In order to obtain a permanent protective order, a petitioner must prove at a hearing at least one of the allegations by a preponderance of the evidence. IC 34–4–5.1–5(a).

The only evidence of harassment or abuse is Treece's testimony concerning Van Santen's actions at Sequa. There is no evidence of any harassment or abuse outside of the workplace. Both Van Santen and Treece testified that the parties had no relationship or contact outside of working hours. Thus, there is no evidence to support the trial court's issuance of the permanent protective order prohibiting contact outside the normal course of employment. *Martin, supra.*

Reversed and remanded to the trial court with instructions to vacate the permanent protective order.

GARRARD and ROBERTSON, JJ., concur.

---

2. Neither party is appealing the denial of the protective order with regard to occurrences in the workplace. Thus, that issue is not before us on review and we make no decision regarding that ruling.

3. In his brief, Van Santen argues that Treece did not comply with this section because the record does not contain a petition for the protective order. Appellant's Brief at 10. We note that a petition was filed and it is contained in the confidential portion of the record to which Van Santen does not have access.