709 N.E.2d 1033 (1999)
In the Matter of the PATERNITY OF K. H.,
Miriam Nash, Guardian of K. H., Appellant-Respondent,
v.
Richard Howell, Appellee-Petitioner.
No. 45A03-9809-JV-385.
Court of Appeals of Indiana.
March 31, 1999.
*1034 Duane W. Hartman, Blachly, Tabor, Bozik & Hartman, Valparaiso, Indiana, Attorney for Appellant.
John A. Demato, John A. DeMato & Associates, Hammond, Indiana, Attorney for Appellee.

OPINION
ROBB, Judge.

Case Summary
Appellant-Respondent, Miriam Nash, ("Nash"), Guardian of K.H., appeals the trial court's judgment in favor of Richard Howell, III ("Richard"), on his petition to establish paternity of K.H. We affirm.

Issues
Nash raises one issue for our review which we restate as: whether the trial court properly determined that Richard was K.H.'s father, finding that Richard's petition to establish paternity was not barred by the applicable statute of limitations or by laches.

Facts and Procedural History
The facts most favorable to the judgment show that Cheri Washington ("Cheri") gave birth to K.H. at the U.S. Naval Hospital in Okinawa, Japan on November 8, 1992.[1] Richard and Cheri were never married, but *1035 Cheri admitted in a letter dated December 7, 1993, that Richard was K.H.'s father. In addition, Richard is listed as K.H.'s father on a Consular Report of Birth Abroad and the Department of the Navy Birth Certificate. Richard paid no child support, but testified that from time to time he contributed unspecified amounts of money, clothing, and toys to K.H. Richard did not know when this support was furnished, but thought it continued through 1994 or 1995. Richard is disabled as a result of an accident and collects social security disability benefits. He testified that he has applied for benefits for K.H. as well.
Unfortunately, in August of 1996, Cheri was murdered in San Diego, California. Sometime thereafter, Nash instituted proceedings to become K.H.'s guardian. Richard filed his petition to establish paternity on January 21, 1997, and Nash responded with a motion to dismiss. A hearing was held on January 9, 1998, and the trial court denied Nash's motion to dismiss, finding that Richard's petition was not barred by the statute of limitations for paternity actions.
A hearing to establish paternity was held on June 26, 1998, with the transcript from the January hearing being submitted as evidence. The trial court found:
At the time of the conception of said child, [K.H.], the mother and the father were not married.
Richard Howell is the father of said child, [K.H.], born to the mother at Ginowan in Okinawa, Japan on November 8, 1992.
R. 4. Nash now appeals.

Discussion and Decision
Nash contends that Richard's petition was untimely because it was filed more than two years after K.H.'s birth. Richard counters that he comes within two statutory exceptions to the two-year statute of limitations.
The statute of limitations for paternity actions is not jurisdictional. T.C.S. by State, Dept. of Public Welfare v. Ellis, 576 N.E.2d 633, 634 (Ind.Ct.App.1991). It bars the remedy only and must be pleaded and proven as an affirmative defense. Id. A party pleading a statute of limitations bears the burden of proving the suit was commenced beyond the statutory time allowed. Id. However, a party who relies on facts in avoidance of a statute of limitations has the burden of proving those facts. Id. Therefore, Richard had the burden of establishing facts in avoidance of the limitations period.
In order to establish paternity,
[A] man alleging to be the child's father. . . must file a paternity action not later than two (2) years after the child is born, unless:
. . . .
(2) support has been furnished by the alleged father or by a person acting on his behalf, either voluntarily or under an agreement with:
(A) the mother;
(B) a person acting on the mother's behalf; or
(C) a person acting on the child's behalf;
. . . .
(4) the alleged father files a petition after the mother has acknowledged in writing that he is the child's biological father.
Ind.Code § 31-14-5-3(b).[2] Richard argues that both exceptions (2) and (4) operate to make his petition timely. In this case, Cheri acknowledged in a letter that Richard was K.H.'s father. Thus, we agree that the exception found at Ind.Code § 31-14-5-3(b)(4) applies, and we need not address exception (2).
Indiana Code Section 31-14-5-3(c) provides that "[i]f any of the conditions described in subsection (b) exist, the paternity petition must be filed not later than two (2) years after the condition described in subsection (b) ceases to exist." Both Richard and Nash assume that this provision requires, as regards exception (4), the petition to be filed within two years of the mother's written acknowledgment of the father's paternity. We do not read Ind.Code § 31-14-5-3(c) in this manner. Subsection (c) explicitly requires the petition to be filed within two years of the date the mother's acknowledgment *1036 "ceases to exist," not within two years of the date of the acknowledgment itself. The mother's acknowledgment does not come into being and cease to exist simultaneously. We read the "cease to exist" language to require some affirmative act on the part of the mother from which it may be inferred that the acknowledgment has been rescinded. In the present case, even if we assume that Cheri's acknowledgment was rescinded upon her death, Richard's petition was still timely.
Nash also argues that Richard's petition is barred by laches. Generally, three factors are considered in determining whether to apply the doctrine of laches to bar the prosecution of a cause of action. Marriage of Moser, In re, 469 N.E.2d 762, 766 (Ind.Ct. App.1984). They are: (1) the claimant's knowledge of his rights; (2) a lapse of time before the claimant seeks to vindicate those rights; and, (3) changed circumstances, resulting from the lapse of time, causing prejudice to the respondent. Id. at 766-67. However, a lapse of time alone does not justify application of the doctrine. Id. A trial court exercises its sound discretion when acting on an equitable defense such as laches. Hood v. G.D.H. by Elliott, 599 N.E.2d 237, 241 (Ind. Ct.App.1992).
The only prejudice which Nash mentions in her brief is the disturbance in K.H.'s life that will result from paternity being established in Richard. Given that the "general assembly favors the public policy of establishing paternity . . . of a child born out of wedlock," Ind.Code § 31-14-1-1, we cannot agree that the establishment of paternity would itself be prejudicial. Nash does not allege any prejudice to herself, and there can be no prejudice to K.H.'s deceased mother. Neither does Nash contend that the mother's death is a changed circumstance resulting in prejudice; even so, we would not consider this prejudicial to Nash because she would not be seeking the guardianship of K.H. at all, were it not for Cheri's death. We conclude that Richard's petition is not barred by laches.
In conclusion, we hold that Richard's petition to establish paternity was timely filed because Cheri had acknowledged his paternity in writing and that acknowledgment had not ceased to exist.[3]
Affirmed.
DARDEN, J., and SHARPNACK, C.J., concur.
NOTES
[1] Apparently, Cheri and Nash were sisters.
[2] The former statute, Ind.Code § 31-6-6.1-6, repealed by P.L.1-1997, SEC. 157, was recodified as Ind.Code § 31-14-5-3 by P.L.1-1997, SEC. 6, effective July 1, 1997.
[3] Richard argues for the first time on appeal that this court should award him attorneys fees for the "entire proceeding" because Nash's aim has been for the "sole purpose of running up Appellee's attorneys fees and trying to dissuade him from pursuing his lawful parental rights. . . ." Appellee's Brief at 19. A claim that a party brought an action or defense that is frivolous, unreasonable, or groundless is one for the trial court to determine pursuant to Ind.Code § 34-52-1-1, not this court. In addition, Richard makes no argument that this court should award damages under Ind. Appellate Rule 15(G). Accordingly, we decline to address this issue further.