Timothy DRAKE, Appellant–Petitioner,

v.

Olissia McKINNEY, Appellee–Respondent.

No. 27A05–9904–JV–150.

Court of Appeals of Indiana.

Oct. 18, 1999.

■■■■■■■■■■■■■■■■■■■■■■■■■

Shane Eric Beal, Marion, Indiana, Attorney for Appellant.

## OPINION

BROOK, Judge.

### Case Summary

Timothy Drake ("Drake") appeals from the juvenile court's dismissal of his petition to establish paternity. We reverse and remand.

### Issues

The sole issue presented by Drake is whether the juvenile court erred in dismissing his motion to establish paternity.

### Facts and Procedural History

The facts most favorable to Drake as the non-movant reveal that both he and the respondent, Olissia Queen McKinney ("McKinney"), admit that Drake is the biological father of a child ("the child") born to McKinney on August 11, 1993; both parties signed an affidavit of paternity at the hospital after the child was born. From August 11, 1993, until Drake was incarcerated in 1994,[1] the child lived with Drake and McKinney in Drake's parents' home. Drake was released from incarceration in June 1997. The record indicates that the child visited Drake in prison at least once, and Drake's mother "bought things" for the child at Drake's behest while Drake was incarcerated. Upon his release from prison, Drake attempted to see the child, but was informed by McKinney that he could no longer have contact with the child. Drake filed a petition to establish paternity on November 13, 1998. McKinney filed a petition for adoption on December 4, 1998, and a petition to dismiss the paternity action on January 8, 1999.

On January 29, 1999, the juvenile court conducted a hearing on the motion to dismiss. Drake testified that before his incarceration, he had helped care for the child while he, the child, and McKinney all lived at Drake's parents' home. He also testified that during his incarceration, he had visited with the child "two or three times" and that he had sent pictures and cards to the child on the child's birthday and on holidays. During his incarceration, his parents helped him financially to purchase "items" for the child.

At the conclusion of the January 29 hearing, the juvenile court took the matter under advisement and gave Drake two weeks to submit a brief. Drake filed a brief encaptioned "Petitioner's Response to Respondent's Motion to Dismiss" on February 12, 1999. On February 19, 1999, the juvenile court granted McKinney's motion to dismiss.[2] On February 24, 1999, Drake filed an amended petition to establish paternity. However, the record does not reveal whether the amended petition was ever considered or ruled upon by the juvenile court before Drake filed his praecipe to initiate the instant appeal on March 17, 1999.

### Discussion and Decision

#### Standard of Review

■ We note that before granting McKinney's motion to dismiss, the trial

---

1. Drake's appellate brief and the record of proceedings in this matter do not reveal the date of or reason for Drake's incarceration.

2. Inexplicably, this Court does not have the benefit of a "judgment" as contemplated by Ind. Trial Rule 58(A); rather, the record contains only a minute entry dated February 19, 1999, which reads as follows:

    Comes now the Juvenile Referee and having taken this matter under advisement, and having read the Petitioner's Response to Respondent's Motion to Dismiss now finds

and recommends that the Motion to Dismiss be granted.

The record also reflects via a chronological case summary entry that on the same date, the juvenile court "adopt[ed] the findings and recommendations and show[ed] the Motion to Dismiss granted. Judgment on the findings." We infer that one of the "findings" of the juvenile court was that Drake's paternity action had not been filed within the appropriate statute of limitation as set forth in IND CODE § 31-14-5-3.

court held an evidentiary hearing. Therefore, pursuant to Ind. Trial Rule 12(B), McKinney's motion to dismiss must be treated as one for summary judgment under Ind. Trial Rule 56.[3] *See In re Marriage of Moser*, 469 N.E.2d 762, 765 (Ind. Ct.App.1984). Our standard of review in summary judgment cases is well settled: summary judgment is appropriate only if no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law. *Id.;* T.R. 56.

We note also that Indiana's legislature has specifically stated its intent regarding the statutory establishment of paternity: "The general assembly favors the public policy of establishing paternity under this article of a child born out of wedlock." IND.CODE § 31–14–1–1. The purpose of statutes providing for paternity suits such as the one brought by Drake is to promote the welfare of the child. *O.S. v. J.M.*, 436 N.E.2d 871, 873 (Ind.Ct.App. 1982).

Drake contends that the juvenile court erred when it ruled that Drake's petition to establish paternity was barred by the statute of limitation. He relies in part upon IND.CODE § 31–14–5–3, which provides in pertinent part:

> (b) The mother, a man alleging to be the child's father, or the division of family and children or its agents must file a paternity action not later than two (2) years after the child is born, *unless:* ...
>
> > (2) support has been furnished by the alleged father or by a person acting on his behalf, either voluntarily or under an agreement ... ;
> >
> > (4) the alleged father files a petition after the mother has acknowledged in writing that he is the child's biological father ....

(c) If any of the conditions described in subsection (b) exist, the paternity petition must be filed not later than two (2) years after the condition described in subsection (b) ceases to exist.

(Emphasis added.)

The statute of limitation for paternity actions is not jurisdictional. *In re Paternity of K.H.*, 709 N.E.2d 1033, 1035 (Ind.Ct.App.1999). It bars the remedy only and must be pleaded and proven as an affirmative defense. *Id.* A party pleading a statute of limitation bears the burden of proving the suit was commenced beyond the statutory time allowed. *Id.* However, a party who relies on facts in avoidance of a statute of limitation has the burden of proving those facts. *Id.* Therefore, Drake had the burden of establishing facts in avoidance of the limitation period.

On the date the child was born, McKinney acknowledged in writing that Drake was the child's father. As such, Drake has demonstrated the existence of an exception to the two-year limitation period enumerated in IND.CODE § 31–14–5–3(b)(4). This Court has recently held that IND.CODE § 31–14–5–3(c)

> explicitly requires the petition to be filed within two years of the date the mother's acknowledgment "ceases to exist," not within two years of the date of the acknowledgment itself. The mother's acknowledgment does not come into being and cease to exist simultaneously. We read the "cease to exist" language to require some affirmative act on the part of the mother from which it may be inferred that the acknowledgment has been rescinded.

*In re Paternity of K.H.*, 709 N.E.2d at 1035–36.[4] McKinney has yet to rescind

---

3. T.R. 12(B) reads in part, "If, on a motion ... to dismiss ..., matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in [Ind. Trial] Rule 56."

4. We do note that this opinion was handed down on March 31, 1999, shortly *after* the trial court's ruling in the instant case.

her written acknowledgment that Drake is the child's biological father.[5] The record does contain a petition for adoption of the child filed on December 4, 1998—more than two weeks *after* the filing of Drake's petition to establish paternity—by Kevin McKinney, whom McKinney married on April 4, 1998. However, we are not prepared to hold that this petition amounts to an "affirmative act on the part of the mother" from which we can "infer" that her acknowledgment of Drake's paternity has been rescinded. *See id.* Consequently, Drake has met his burden to establish a fact in avoidance of the statute of limitation; in fact, he has made a prima facie showing of reversible error. *See Van Santen v. Treece,* 665 N.E.2d at 944.

■ Furthermore, we find that there is a genuine issue of material fact as to whether support has been furnished by a person acting on Drake's behalf, as contemplated by Ind.Code § 31–14–5–3(b)(2). At the January 29 hearing, the juvenile court heard conflicting testimony regarding the extent of Drake's contribution to the child's support during his incarceration; at the latest, his contributions ceased to exist in June 1997, when he was released. Again, this date was not past the two-year statutory period. Thus, the trial court erred in dismissing Drake's petition on the ground that it had not been timely filed, as there exists a genuine issue of material fact precluding such determination.

### Conclusion

For the foregoing reasons, the judgment of the juvenile court is reversed and this cause is remanded for further proceedings consistent with this opinion.

KIRSCH and DARDEN, JJ., concur.

---

5. We note that McKinney did not see fit to supply this Court with an appellate brief in response to Drake's. "Where only the appellant files a brief, we may reverse the trial court if the appellant makes a prima facie showing of reversible error." *Van Santen v. Treece,* 665 N.E.2d 943, 944 (Ind.Ct.App. 1996). "This rule 'protects this court and relieves it from the burden of controverting arguments advanced for reversal, a duty which properly remains with counsel for the appellee.' " *Id.* We draw our conclusion that McKinney has not rescinded her acknowledgment of Drake as the child's biological father in part from the transcript of the January 29 hearing, at which she responded affirmatively to Drake's counsel's question, "And you admit that [Drake] is the biological father?" (R. at 37.)