Richard F. GARMENE, Appellant–Respondent,

v.

Kimberly LeMASTERS, Appellee–Petitioner.

No. 49A02–0005–CV–323.

Court of Appeals of Indiana.

Feb. 20, 2001.

Mark F. Otten, Otten Reames & Hoover, Greenwood, IN, Attorney for Appellant.

Kimberly LeMasters, pro se.

## OPINION

VAIDIK, Judge

### Case Summary

Richard F. Garmene, III appeals from the trial court's grant of a protective order requested by Kimberly LeMasters and the trial court's order prohibiting him from possessing any firearms. Because we find that Garmene was provided with sufficient notice of LeMasters' allegations and there was sufficient evidence to support the protective order and the prohibition on firearms, we affirm.

### Facts and Procedural History

On February 14, 2000, LeMasters filed a petition for a protective order. The petition alleged that within the last six months Garmene had "threatened, attempted to, or has caused me bodily injury by: harassing me by calling me, coming on my job. He drives by my home to check on me. He verbally abuses me by telling me I'm a horrible person, etc. ..." Record at 11. In the petition, LeMasters requested that the court order Garmene to refrain from abusing, harassing, or disturbing the peace of LeMasters or any member of her household, by either direct or indirect contact, to refrain from entering her property or any other property described elsewhere in her petition, and refrain from damaging her property. Record at 12. LeMasters did not check a box provided on the petition for protective order requesting that Garmene be prohibited from carrying weapons. LeMasters stated in the petition that an emergency existed because "I want him to leave me alone, this is very disturbing to me and it has to stop. I don't know what else he'll do." Record at 12.

A hearing was held on the petition on April 10, 2000. LeMasters testified at the hearing that she had been receiving harassing phone calls and that Garmene had shown up at her work one afternoon uninvited. Record at 20. She stated "things escalated" the weekend of February 14th and she had seen him on her street which is a dead end. Record at 26.

The trial judge issued a permanent protective order. The order prohibited Garmene from possessing any firearms. This appeal followed.

### Discussion and Decision

█ Initially, we note that LeMasters did not file an appellate brief. When an appellee fails to submit a brief, an appellant may prevail by making a prima facie case of error. *Rzeszutek v. Beck*, 649 N.E.2d 673, 676 (Ind.Ct.App.1995), *trans. denied.* This protects the court and relieves it from the burden of controverting arguments advanced for reversal. *Id.*

Garmene argues that the trial court erred in granting the petition for a permanent protective order. Specifically, he claims that the petition filed by LeMasters failed to warn him that the court could prohibit him from carrying a weapon. He further alleged the petition failed to provide him with adequate notice of the accusations against him because LeMasters was permitted to testify to events occurring before February 14. In addition, he argues that there is insufficient evidence to support the protective order and the prohibition against possession of firearms included therein.

### I. Notice

First, Garmene claims that he did not have notice that the court could prohibit him from possessing a weapon. Garmene argues that the trial court violated his procedural due process rights by ordering him not to possess firearms without giving him prior notice that this was a possible sanction. In making this argument, Garmene argues that *Maybaum v. Putnam County Office of Family & Children*, 723 N.E.2d 951 (Ind.Ct.App.2000) is analogous to this case. We disagree.

In *Maybaum*, this court held that the trial court's order finding a child to be a child in need of services (CHINS) was invalid because the trial court's decision was based upon facts and a statutory provision that were not included in the CHINS petition. The petition filed in *Maybaum* alleged that the child was a victim of a sex offense at the hands of her father. Specifically, the petition charged that the child was a victim of a sex offense under IND. CODE § 31–34–1–3. However, the trial court concluded that the child was a CHINS because the father failed to protect the child from injury by another person. The court's order found the child to be a CHINS under IND. CODE § 31–34–1–2 which provides for a CHINS adjudication if the "child's physical or mental health is seriously endangered due to injury by the act or omission of the child's parent, guardian, or custodian." We held in *Maybaum* that the parents were not provided with sufficient notice of the legal and factual allegations against them in order to properly defend against the charges.

█ Our case is different. Here, the allegations established in the petition are reflected by the order issued by the trial court. The petition alleged that Garmene had abused or threatened to abuse LeMasters by harassing her within the last six months. Record at 11. The protective order issued by the trial court was based on the same facts and allegations that were provided in the petition. At the hearing on the petition, LeMasters' testimony supported the allegations made in the petition. Further, the protective order mandated that Garmene refrain from abusing, harassing or disturbing the peace of LeMasters. Record at 5. There is no discrepancy between the facts alleged and the statute upon which the claim was raised and issued. The petition for protective order sufficiently advised Garmene of the factual and legal allegations against him in order for him to prepare his defense. Therefore, *Maybaum* does not support a reversal of this case.

Furthermore, Indiana is a notice pleading state. *City of Anderson v. Weatherford*, 714 N.E.2d 181, 185 (Ind.Ct.App. 1999), *trans. denied.* Ind. Trial Rule 8(A) requires a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for relief to which the

pleader deems entitled. Accordingly, a plaintiff needs only to plead the operative facts involved in the litigation so as to put a reasonable person on notice as to the plaintiff's allegations. *See id.*

The petition filed by LeMasters indicated sufficient facts to place a reasonable person on notice as to the allegations raised. Garmene essentially claims the petition did not sufficiently advise him that the court, as a potential consequence, could prohibit him from carrying a firearm. We are aware of no rule requiring a petitioner to make a respondent aware of the possible consequences of a charge or allegation. Under the protective order statute, when LeMasters proved by clear and convincing evidence that Garmene poses a threat of inflicting serious bodily injury to her, the trial court had the authority to "order the respondent to refrain from possessing a firearm...." IND. CODE § 34–26–2–12(2). LeMasters' petition tracks the language of IND. CODE § 34–26–2–12 regarding the issuance of protective orders. Because the petition advised Garmene that a protective order was requested, the protective order statute provides as a remedy the prohibition of carrying a firearm, and we know of no law requiring a party to advise the adverse party of possible penalties for a charge, we find the petition provided sufficient notice to allow Garmene to defend himself. Therefore, we find there was no error in the trial court's order prohibiting Garmene from possessing a firearm.

Likewise, Garmene complains he did not receive sufficient notice that the court would make certain findings under the *Violence Against Women's Act of 1994* (VAWA), 18 U.S.C. § 2265 (1994). Under VAWA, a court may prohibit the possession of certain firearms when the court finds the respondent is a "credible threat to the safety of the petitioner" and the respondent is an "intimate partner" within the meaning of VAWA. 18 U.S.C. § 922(g)(8). First, we are not convinced the trial court made findings regarding

VAWA because the language Garmene complains about is not contained in the court's order, but is found in an unsigned memorandum. Record at 6. However, to the extent that they are findings, the protective order statute provides the court with the authority to prohibit a person from possessing a weapon. Because we find no requirement that the petition must advise the respondent of all possible consequences, we find Garmene's argument unavailing.

## II. Testimony to Events before February 14

■ Next, Garmene contends that the trial court erred by allowing LeMasters to testify at the hearing to events that occurred before February 14. Specifically, he argues that because she filed her petition on February 14 and the language of the petition states that events occurred on February 14, her testimony should have been limited to actions occurring on that date. However, before listing the various ways Garmene threatened her, the petition stated that "[t]he Respondent has abused or threatened to abuse, or has done the following within the last six (6) months...." Record at 11. The language of the petition supports the trial court's decision to accept LeMasters' testimony regarding incidents occurring before February 14.

Because the petition provided the harassment occurred in the previous six months and the petition would have put a reasonable person on notice regarding the allegations, it was not erroneous to allow LeMasters to testify regarding events occurring before February 14.

## III. Sufficiency of the Evidence

■ Garmene also claims there is insufficient evidence to support the protective order. The test for sufficiency of the evidence requires that we neither weigh the evidence nor resolve questions of credibility. *Van Santen v. Treece,* 665 N.E.2d 943, 944 (Ind.Ct.App.1996). We look only to the evidence of probative value and the

reasonable inferences to be drawn therefrom which support the verdict. *Id.*

To obtain a protective order under IND. CODE § 34–26–2–2, the petitioner must file a petition which includes allegations "concerning the date or manner of specific acts or feared acts of abuse, harassment, or disruption of the peace of the petitioner...." IND. CODE § 34–26–2–2. The court shall issue a protective order if at the hearing, at least one of the allegations described in the petition is proved by a preponderance of the evidence. IND. CODE § 34–26–2–12. Here, LeMasters' petition included several allegations concerning specific actions by Garmene that disturbed her peace and harassed her. Specifically, she stated that Garmene had "threatened, attempted to, or has caused me bodily injury by: harassing me by calling, coming on my job. He drives by my home to check on me. He verbally abuses me by telling me I'm a horrible person, etc." Her testimony at the hearing further supported these allegations by a preponderance of the evidence. She testified that Garmene made harassing phone calls to her, came to her place of employment, and sat outside her house monitoring her movements. Record at 20, 22, 23, 26. This testimony supports the allegations in her petition by a preponderance of the evidence. We will not reweigh the evidence or judge the witness' credibility. Thus, there is sufficient evidence to support the trial court's issuance of the protective order.

Next, Garmene argues that there is insufficient evidence to support the trial court's order prohibiting him from possessing any firearms. The court may order a respondent to refrain from possessing a firearm if the court finds by clear and convincing evidence that the respondent poses a significant threat of inflicting serious bodily injury to the petitioner or a member of the petitioner's household or family. IND. CODE § 34–26–2–12.

The trial court had evidence that Garmene had been charged with stalking, which is defined as:

> a knowing or an intentional course of conduct involving repeated or continuing harassment of another person that would cause a reasonable person to feel terrorized, frightened, intimidated or threatened and that actually causes the victim to feel terrorized, frightened, intimidated or threatened.

IND. CODE § 35–45–10–1. Garmene testified that he possessed a license to carry a handgun. Record at 6. He had pursued LeMasters at home and on her job and had verbally abused her. LeMasters was disturbed by his behavior and unsure what he would do next. She testified that, "I want him to leave me alone, this is very disturbing to me and it has to stop. I don't know what else he will do." Record at 12. Taken together, the evidence is clear and convincing that Garmene posed a significant threat to inflict serious bodily injury on LeMasters and was sufficient to support the trial court's order prohibiting Garmene from possessing a firearm.[1]

Judgment affirmed.

NAJAM, J., and KIRSCH, J., concur.

---

1. Garmene also alleges that his substantive due process rights under the federal constitution were violated. Because he failed to make a cogent argument and failed to cite adequate authority supporting this argument, it is waived. Ind. Appellate Rule 8.3(A)(7); *Flynn v. State,* 702 N.E.2d 741, 744 (Ind.Ct. App.1998), *trans. denied.* Furthermore, Garmene argues that the provisions of IND. CODE § 34–2–26–1 *et seq.* are constitutionally deficient as applied to him. This argument is nothing more than an argument that the trial court applied the wrong standard of proof and the evidence is insufficient. We have addressed this issue.