WEE SCOTS, LLC, Kenneth McCulloch, John McCulloch, William McCulloch, Joyce McCulloch, and Rebecca McCulloch, Appellants,

v.

RitA S. FLEMING, Appellee.

No. 10A01–0108–CV–312.

Court of Appeals of Indiana.

March 28, 2002.

George R. Carter, Atherton, Carter & Simon, Louisville, KY, Attorney for Appellants.

Keith D. Mull, Applegate & Mull, Jeffersonville, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Rita S. Fleming filed a civil complaint against her tenant, Wee Scots, LLC, after it defaulted on the parties' commercial lease. Fleming later filed a motion for pre-judgment attachment of the equipment inside the building, and the trial court granted that motion. Following a bench trial on the underlying complaint, the court entered judgment for Fleming and ordered that Wee Scots' attached property be sold and the net proceeds applied toward the judgment. Wee Scots appeals that judgment and raises the following dispositive issue for our review, namely, whether the trial court erred when it granted Fleming's motion for pre-judgment attachment.

We affirm.

### FACTS AND PROCEDURAL HISTORY

In March 1999, Wee Scots leased a Jeffersonville building from Fleming and converted it into a restaurant. But Wee Scots defaulted on its monthly rent payments and was forced to close the restaurant in May 2000. Fleming and Wee Scots were unable to negotiate payment of the delinquent rent, so Fleming, in June 2000, changed the locks on the leased property, which still housed Wee Scots' restaurant equipment. Fleming then filed suit against Wee Scots seeking possession of the property and damages. Settlement discussions broke down in August 2000, after the parties could not agree on the value of the restaurant equipment locked inside the building. Wee Scots advised Fleming that a Louisville, Kentucky company would remove and take possession of the equipment. And, in response, Fleming filed a verified motion for pre-judgment attachment of the restaurant equipment in August 2000, asserting that Wee Scots was trying to sell or otherwise dispose of the equipment. The trial court granted the motion.

In January 2001, Wee Scots filed for bankruptcy, and, in April 2001, the bankruptcy court stayed all claims by Wee Scots' creditors pending conclusion of the bankruptcy proceedings, except for "secured creditors with non-avoidable perfected security interests" in any of Wee Scots' property. Transcript at 100. The bankruptcy court granted limited relief to such creditors so that they could pursue valid claims against Wee Scots' property.

Prior to the trial in Fleming's action, Wee Scots moved for dismissal, arguing that Fleming's pre-judgment attachment

was invalid because she failed to satisfy the statutory requirements and that Fleming already had possession of the property when she sought the pre-judgment attachment. The trial court denied the motion. Following a bench trial, the court entered an *in rem* judgment for Fleming in the amount of $25,617.20 and ordered that Wee Scots' attached restaurant property be sold to help satisfy the judgment. This appeal ensued.

## DISCUSSION AND DECISION

### Standard of Review

Initially, we note that the trial court entered specific findings and conclusions. As a result, the specific findings control only as to the issues they cover, and a general judgment standard controls as to the issues upon which the court has not made findings. *Jack Eiser Sales Co., Inc. v. Wilson,* 752 N.E.2d 225, 227 (Ind. Ct.App.2001). This court will not set aside a judgment unless it is clearly erroneous. *Reed Sign Serv., Inc. v. Reid,* 755 N.E.2d 690, 694–95 (Ind.Ct.App.2001). A judgment is clearly erroneous only if a review of the record leaves the court with a firm conviction that a mistake has been made. *Id.* In reviewing the findings and judgment entered by the trial court, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility. *E & L Rental Equip., Inc. v. Wade Const., Inc.,* 752 N.E.2d 655, 658 (Ind.Ct.App. 2001).

### Pre-judgment Attachment

Wee Scots contends that the trial court erred when it granted judgment for Fleming because the pre-judgment attachment of Wee Scots' property was invalid and, therefore, was not a perfected security interest exempt from the bankruptcy court's jurisdiction. Specifically, Wee Scots maintains that Fleming failed to fulfill the statutory requirements for obtaining a pre-judgment attachment and that Fleming could not validly seek an attachment because she already had possession of the restaurant equipment. We cannot agree.

The attachment of property is governed by Indiana Code Section 34–25–2–1, which provides, in pertinent part:

(a) At or after the time of filing a complaint, the plaintiff may have an attachment against the property of the defendant, in the cases described in subsection (b) and in the manner described in this chapter.

(b) The plaintiff may attach property when the action is for the recovery of money and the defendant:

\* \* \* \*

(4) is removing or about to remove the defendant's property subject to execution, or a material part of the property, outside Indiana, not leaving enough behind to satisfy the plaintiff's claim

\* \* \* \*

(6) is about to sell, convey, or otherwise dispose of the defendant's property subject to execution with the fraudulent intent to cheat, hinder, or delay the defendant's creditors.

And in order to secure an attachment, the plaintiff must present the court with an affidavit showing (1) the nature of the plaintiff's claim; (2) that the plaintiff's claim is just; (3) the amount that the plaintiff ought to recover; and (4) that one (1) of the grounds for an attachment enumerated in [I.C. 34–25–2–1] is present. *See* Ind.Code § 34–24–2–4.

Here, subsequent to filing her complaint, Fleming filed a verified motion for

pre-judgment attachment, a written undertaking,[1] and an affidavit, in which she alleged, in part:

> The plaintiff's claim in the above-captioned cause of action is for the recovery of money due from Defendant Wee Scots, LLC, arising from its breach of a lease. . . .
>
> The plaintiff's claim is just.
>
> In the above-captioned cause of action, I believe that the Plaintiff ought to recover from the Defendants a money judgment of at least $10,000.
>
> I have good reason to believe, and do believe, that Defendant Wee Scots, LLC, owns certain restaurant equipment and furnishings, as more particularly described in Exhibit "A" attached hereto and incorporated by reference herein (hereinafter referred to as the "Personal Property"). . . .
>
> I have good cause to believe, and do believe, that:
>
> * * *
>
> Defendant Wee Scots, LLC, intends to retake possession of the Personal Property and sell [it] at the earliest possible time without paying the obligations it owes to the Plaintiff; and
>
> Defendant Wee Scots, LLC, is about to sell, convey, or otherwise dispose of said defendant's property subject to execution with the fraudulent intent to cheat, hinder, or delay its creditors.

Appellee's App. at 1–2. While Wee Scots disparages Fleming's lack of "evidence" to support her attachment claim and declares insufficient her mere recitation of the statutory language, Fleming was not required to offer "evidence" of her allegations before the court could issue a pre-judgment attachment. *See Sweeny v. Cochran*, 19 Ind. 206 (1862) (finding a verified affidavit of attachment properly titled and in the form prescribed by statute sufficient to justify an attachment order); *see also Theirman v. Vahle*, 32 Ind. 400, 401 (1869) (finding affidavit sufficient to show nature of plaintiff's claim where it stated: "that said defendant is justly indebted to said plaintiff in the sum of [$803.45], a balance due on account for goods sold and delivered; that the claim is just, and that he believes he ought to recover the amount above stated.").[2]

■ To require Fleming and other plaintiffs to include "evidence" or supporting facts, as Wee Scots suggests, would elevate the pleading requirements in attachment proceedings to the status of "fact pleading." Except where the law specifies otherwise, Indiana is a "notice pleading" state. *Garmene v. LeMasters*, 743 N.E.2d 782, 785 (Ind.Ct.App.2001). It has long been the law in Indiana that an attachment affidavit must only be as specific as is required in other cases. *See Harlow v. Becktle*, 1 Blackf. 237, *1 (Ind.1823). The fact that Fleming tracked the statutory

---

**1.** Indiana Code Section 34–25–2–5 requires all plaintiffs seeking the attachment of property to file a written undertaking.

**2.** Interestingly, Wee Scots declined the opportunity to have a hearing before the trial court issued its order for pre-judgment attachment. When Fleming filed her attachment motion, the court set a hearing date. But Wee Scot moved to continue it. The court requested that Wee Scott submit a new prospective hearing date, if it wanted a hearing. Wee

Scott never requested another hearing date, so the court ruled on Fleming's attachment motion without conducting a hearing. While not technically improper, it seems disingenuous for Wee Scots to now complain on appeal about the inadequacy of Fleming's attachment motion and affidavit when it declined the opportunity to force Fleming to reveal the specific facts or "evidence" supporting its motion to the trial court.

language in drafting her attachment motion does not render it insufficient.

Wee Scots also asserts that Fleming was not entitled to pre-judgment attachment because Fleming already had possession of the sought-after equipment when she filed for attachment. Both sides agree that Fleming had changed the locks on the building, thus denying Wee Scott access to its restaurant equipment housed inside. However, that fact does not defeat Fleming's right to a pre-judgment attachment.

Indiana Trial Rule 64(B) provides, in relevant part:

> Attachment or attachment and garnishment shall be allowed in the following cases in addition to those where such remedies prior to judgment are now permitted by law:
>
> * * * *
>
> (4) *It shall not be objectionable that the property or obligation being attached or garnisheed is in the possession of the plaintiff* or is owing by the plaintiff to the defendant or by the defendant to the plaintiff.

(Emphasis added). Thus, it made no difference whether Fleming or Wee Scots was in possession of the equipment at the time Fleming filed her motion for attachment.

Here, Fleming exercised her right under the lease in the event of a default to enter upon and repossess the leased premises that contained the restaurant equipment. She did not, however, have a security interest in the equipment and only had de facto possession of the personal property. It was only when the pre-judgment order of attachment was entered that she acquired a lien on the property under Indiana Code § 34–25–2–10, which she perfected both by her possession and by filing Article 9 financing statements with the Secretary of State and the Clark County Recorder. *See* Trial Rule 63.1(C) (requiring *either* possession or filing of financing statements).[3] Without the pre-judgment order or Uniform Commercial Code filings, Fleming would not have held a perfected security interest in the property, and relief from the bankruptcy stay would have been required before continuing the instant action.

The trial court did not err when it granted Fleming's motion for pre-judgment attachment. As a result, Fleming had a non-avoidable perfected security interest in the attached property and could proceed against Wee Scots outside of the bankruptcy proceedings. The trial court did not err when it entered judgment, *in rem,* for Fleming and ordered the attached property sold and the net proceeds applied to the judgment.

Affirmed.

BAKER, J., and MATTINGLY–MAY, J., concur.

---

**3.** The language of Trial Rule 63.1(C) is consistent with the corresponding portions of Article 9 of the Uniform Commercial Code. The relevant portions of the UCC have been codified in Indiana and state that:

> A financing statement must be filed to perfect all security interests except the following:

> (a) A security interest in collateral in possession of the secured party under IC 26–1–9–305.
>
> * * * *
>
> A security interest in letters of credit and advices of credit ... goods, instruments ... money, negotiable documents, or chattel paper may be perfected by the secured party's taking possession of the collateral.

Ind.Code §§ 26–1–9–302 and 305.